Morris S. JONES, Appellant,

v.

The STATE of Texas and Carole Keeton Strayhorn, Comptroller of Public Accounts, Appellees.

No. 05–04–01625–CV.

Court of Appeals of Texas, Dallas.

Nov. 10, 2005.

Richard Alley, Fort Worth, for Appellant.

Gregory W. Abbott, Texas Attorney Gen., Austin, for Appellee.

Before Chief Justice THOMAS and Justices WHITTINGTON and LANG.

## OPINION

Opinion by Justice LANG.

Morris S. Jones appeals the trial court's dismissal, for lack of jurisdiction, of his suit for compensation for wrongful imprisonment.

Jones applied for compensation through the Comptroller, and his request was denied. Then, he sued the State of Texas and Carole Keeton Strayhorn, Comptroller of Public Accounts, (collectively the State) for compensation for wrongful imprisonment. The trial court dismissed Jones's suit for want of jurisdiction concluding that section 103.002 of the Texas Civil Practice and Remedies Code statutorily prohibited Jones from attempting to obtain compensation by filing suit because he had already proceeded in and sought compensation through the administrative process. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 103.001–103.154 (Vernon 2005).

In his sole issue on appeal, Jones argues the trial court abused its discretion when it dismissed his lawsuit. Jones argues that, although section 103.002 of the Texas Civil Practice and Remedies Code prohibits double recovery, he may proceed as he did without being barred. The State responds that section 103.002 requires an election of remedies by a claimant and that appellant, having elected to proceed administratively, is barred from proceeding by suit in the district court.

In this matter of first impression, we must interpret section 103.002 of the Texas Civil Practice and Remedies Code,

which provides the mechanism for the compensation Jones seeks. We conclude the trial court did not err when it dismissed Jones's claims for want of jurisdiction because Jones had previously sought compensation administratively through the Comptroller. Jones's sole issue on appeal is decided against him. The trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Jones of aggravated assault with a deadly weapon and sentenced him to fifteen years of imprisonment.[1] Jones appealed to this Court, and the trial court's judgment was affirmed.[2] Jones filed an application for a post-conviction writ of habeas corpus claiming, in part, newly discovered evidence established that he was actually innocent of the offense of which he was convicted. After a hearing was held on Jones's application, the Texas Court of Criminal Appeals vacated Jones's conviction and remanded Jones to the Sheriff of Dallas County to answer the charging indictment.[3] The State moved to dismiss the charges in the interest of justice. The trial court dismissed the charges.

Jones filed an application for compensation with the Comptroller pursuant to section 103.051 of the Texas Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM. CODE ANN. § 103.051. His request was denied. Jones requested reconsideration of his application for compensation, but the Comptroller denied it. Jones took no further action on the denial of his application for compensation and his motion for reconsideration by the Comptroller.

Over two years after the last denial of his application by the Comptroller, Jones filed his petition against the State of Texas in the district court seeking compensation for wrongful imprisonment pursuant to section 103.101 and mandamus relief against the Comptroller pursuant to section 103.051(e). Subsequent to filing the lawsuit, Jones waived his request for mandamus relief. After a bench trial, the trial court dismissed the case for want of jurisdiction. The trial court signed the judgment and issued its findings of fact and conclusions of law, which concluded the district court did not have jurisdiction over Jones's lawsuit because he had already applied for administrative compensation with the Comptroller.

## II. TRIAL COURT'S JURISDICTION

In his sole issue on appeal, Jones argues the trial court abused its discretion when it dismissed for want of jurisdiction his claim for compensation for wrongful imprisonment. He contends section 103.002 of the Texas Civil Practice and Remedies Code, governing compensation to persons wrongfully imprisoned, does not preclude a person from seeking recovery both administratively and by filing suit. Rather, according to Jones, only double recovery is prohibited. The State responds that the provision requires an "election of remedies."[4] However, the substance of the

1. The criminal case against Jones was styled, *The State of Texas v. Morris S. Jones*, No. F98–18511–MT, 283rd Judicial District Court, Dallas County, Texas.

2. *See Jones v. State*, No. 05–98–01871–CR, 1999 WL 722821 (Tex.App.-Dallas Sept.17, 1999, no pet.) (not designated for publication).

3. *See Ex Parte Jones*, No. 74,116 (Tex.Crim. App. Jun. 6, 2001) (per curiam) (not designated for publication).

4. The State argues that section 103.002 is a provision requiring an "election of remedies." The State's use of the term "election of remedies" is misplaced. An election of remedies is the act of choosing between two or more

State's position is that the plain language of section 103.002 and the other provisions of that statute, the legislative history, and public policy considerations support the interpretation that a person is barred from seeking recovery both administratively and by filing suit. We will address that position.

### A. Standard of Review

Matters of statutory construction are questions of law for the courts to decide. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). As such, they are subject to de novo review. *See id.* In construing a statute, a reviewing court should determine and give effect to the Legislature's intent. *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). It is presumed that in enacting a statute, the Legislature intended: (1) compliance with the United States and Texas Constitutions; (2) the entire statute to be effective; (3) a just and reasonable result; (4) a result feasible of execution; and (5) the public interest to be favored over any private interest. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 2005).

If the meaning of the statutory language is unambiguous, a reviewing court adopts, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865–66 (Tex. 1999); *see also Allen,* 15 S.W.3d at 527; *In re BACALA,* 982 S.W.2d 371, 380 (Tex. 1998). If a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity. *Fitzgerald,* 996 S.W.2d at 866; *accord Burlington*

N. R.R. Co. v. Okla. Tax Comm'n, 481 U.S. 454, 461, 107 S.Ct. 1855, 95 L.Ed.2d 404 (1987); *see Allen,* 15 S.W.3d at 527. However, a reviewing court may consider textual aids to construction for insight into how the Legislature intended its words to be interpreted. *Fitzgerald,* 996 S.W.2d at 866. When we interpret a code enacted by the Legislature, we read words and phrases in context and construe them according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a). Words are given their ordinary meaning. *See Fitzgerald,* 996 S.W.2d at 866; *Jones v. Fowler,* 969 S.W.2d 429, 431 (Tex.1998); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998); *see also In re BACALA,* 982 S.W.2d at 380 (discussing interpretation of civil statutes). Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. *One Thousand Four Hundred Sixty–Two Dollars in U.S. Currency v. State,* 774 S.W.2d 17, 20–21 (Tex.App.-Dallas 1989, writ denied) (citing *Floyd v. State,* 575 S.W.2d 21, 23 (Tex.Crim.App.1978)). The use of legal or other well-accepted dictionaries are a method of determining the ordinary meaning of certain words. *See Pratt–Shaw v. Pilgrim's Pride Corp.,* 122 S.W.3d 825, 833 (Tex.App.-Dallas 2003, pet. denied); *Rivas v. State,* 787 S.W.2d 113, 115 (Tex.App.-Dallas 1990, no pet.); *see also Corpus Christi v. Bayfront Assoc.,* 814 S.W.2d 98, 104 (Tex.App.-Corpus Christi 1991, writ denied). However, words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, are

---

inconsistent but coexistent modes of procedure and relief allowed by law on the same state of facts. [emphasis added]. *Custom Leasing, Inc. v. Tex. Bank & Trust Co.,* 491 S.W.2d 869, 871 (Tex.1973); *see also Bocane-*

gra v. Aetna Life Ins. Co., 605 S.W.2d 848, 850 (Tex.1980); *City of Glenn Heights v. Sheffield Dev. Co.,* 55 S.W.3d 158, 165 (Tex.App.-Dallas 2001, pet. denied).

construed accordingly. TEX. GOV'T CODE ANN. § 311.011(b).

■ If a statute is ambiguous because the intent of the Legislature is not clear, the reviewing court applies the rules of construction. *Purdin v. Copperas Cove Econ. Dev. Corp.*, 143 S.W.3d 290, 294 (Tex.App.-Waco 2004, pet. dism'd) (citing *In re BACALA*, 982 S.W.2d at 380). When construing a statute, regardless of whether it is ambiguous on its face, a reviewing court may consider: (1) the object sought to be attained; (2) the circumstances under which the statute was enacted; (3) the legislative history; (4) the common law or former statutory provisions, including laws on the same or similar subjects; (5) the consequences of a particular construction; (6) the administrative construction of the statute; and (7) the title (caption), preamble, and emergency provision. *See* TEX. GOV'T CODE ANN. § 311.023.

### B. Applicable Law

The Texas Constitution authorizes the Texas Legislature to grant aid and compensation to any person who has paid a fine or served a sentence under the laws of the State of Texas regarding an offense for which he is not guilty under such regulations and limitations it deems expedient. TEX. CONST. art. III, § 51–c. The Texas Legislature has exercised that constitutional authority and created a system whereby wrongfully imprisoned persons might be compensated within certain limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 103.001–103.154; *Heimlich v. State ex rel. Abbott*, 107 S.W.3d 643, 645 (Tex.App.-Austin 2003, no pet.).

A person who served his sentence in prison under the laws of Texas and has been granted relief on the basis of actual innocence of the crime for which he was sentenced is entitled to compensation. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 103.001. Section 103.001 states:

**§ 103.001. Claimants Entitled to Compensation**

(a) A person is entitled to compensation if:

(1) the person has served in whole or in part a sentence in prison under the laws of this state; and

(2) the person:

(A) has received a full pardon on the basis of innocence for the crime for which the person was sentenced; or

(B) has been granted relief on the basis of actual innocence of the crime for which the person was sentenced.

(b) A person is not entitled to compensation under Subsection (a) for any part of a sentence in prison during which the person was also serving a concurrent sentence for another crime to which Subsection (a) does not apply.

*Id.*

A person who is entitled to compensation may proceed pursuant to section 103.002:

**§ 103.002. Choice of Compensation Method**

A person entitled to compensation under Section 103.001 may proceed by following the provisions for administratively awarded compensation under Subchapter B [footnote omitted] or by filing suit under Subchapter C, [footnote omitted] but a person may not seek compensation under both Subchapters B and C.

*Id.* at § 103.002.

Under Subchapter B, a person may apply to the Comptroller for compensation. *See id.* at § 103.051. If the Comptroller

denies a claim, the claimant may bring an action for mandamus relief. *See id.* at § 103.051(e). The Texas Comptroller of Public Accounts is one of seven officials identified in the Texas Constitution as an executive officer. TEX. CONST. art. IV, § 1. Only the Texas Supreme Court has the authority to issue a writ of mandamus against the Comptroller, an executive officer of the State of Texas, to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the Comptroller is authorized to perform. *See* TEX. GOV'T CODE ANN. § 22.002(a), (c) (Vernon 2004).

Under Subchapter C, a person may bring suit against the State by a verified petition alleging that he is entitled to compensation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 103.101(b). Such suit must be brought in a court of competent jurisdiction in the county of his residence or Travis County. *See id.* at § 103.101(c). Service of process must be on the Texas Attorney General. *See id.* at § 103.101(d). A person who brings suit for compensation must establish by a preponderance of the evidence that: (1) he is entitled to compensation; and (2) the amount of compensation to which he is entitled. *See id.* at § 103.102.

### C. Application of the Law to the Facts

Jones and the State agree section 103.002 is the critical provision. Jones points to the words "may" and "proceed" as operating in favor of his interpretation that section 103.002 merely prohibits double recovery, but not the action he took. The State argues that the words "proceed," "seek," and "or" favor its interpretation that section 103.002 bars a person from seeking recovery both administratively and by filing suit.

Our first step in this analysis is to address the definition of the word "may" provided by the Legislature. The Texas Code Construction Act states that unless the context requires a different construction or a statute expressly states otherwise, the word " '[m]ay' creates discretionary authority or grants permission or a power." *See* TEX. GOV'T CODE ANN. § 311.016.

Second, we address the words "proceed" and "seek." These terms are not defined in the Texas Code Construction Act or Chapter 103 of the Texas Civil Practice and Remedies Code. Accordingly, we look to the ordinary meaning of the words "proceed" and "seek." *See Pratt–Shaw,* 122 S.W.3d at 833 (dictionaries may provide assistance in finding ordinary meaning); *Rivas,* 787 S.W.2d at 115 (legal or other well-accepted dictionaries are a method of determining ordinary meaning). The Oxford English Dictionary defines "proceed" as "to go on to do something." *See* XII OXFORD ENGLISH DICTIONARY 544 (2d ed.1989). Webster's New International Dictionary defines "proceed" as "to begin and carry on some action, process, or movement." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1807 (1981). The Oxford English Dictionary defines "seek" as "to ask for, demand, request." *See* XIV OXFORD ENGLISH DICTIONARY 877 (2d ed.1989). Webster's New International Dictionary defines "seek" as "to inquire for: ask for: entreat, request." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2055 (1981).

Third, we address the term "or." Typically, the term "or" is disjunctive and signifies a separation between two distinct ideas. *See Spradlin v. Jim Walter Homes, Inc.,* 34 S.W.3d 578, 581 (Tex. 2000). It separates words or phrases in the alternate relationship, indicating that either of the separated words or phrases may be employed without the other. *Perez v. State,* 11 S.W.3d 218, 225 (Tex.Crim.

App.2000) (Holland, J. concurring, McCormick, P.J. and Keasler, J., joined) (quoting 1A SUTHERLAND STAT. CONST. § 21.14 (5th ed. 1993 & Supp.1999)); *see also In re Porter,* 126 S.W.3d 708, 711 (Tex.App.-Dallas 2004, orig. proceeding [mand. denied]) (use of "or" means only one of two events must take place to trigger application of section). The use of the disjunctive usually indicates alternatives and requires that those alternatives be treated separately. *Perez,* 11 S.W.3d at 225.

The plain meaning of the statutory language leads us to conclude that section 103.002 grants a party the discretion "to begin and carry on" a claim for compensation either administratively or by filing suit, but that party may not "ask for, demand, or request" compensation both administratively and by filing suit. We conclude the trial court did not err when it dismissed for want of jurisdiction Jones's claim for compensation because Jones had previously sought compensation administratively through the Comptroller.

Jones's sole issue on appeal is decided against him.

### III. CONCLUSION

The trial court did not err when it dismissed Jones's claims for want of jurisdiction. The trial court's judgment is affirmed.