In the Interest of B.N.S., T.L.S., and J.R.S., Minor Children.

No. 05–07–00016–CV.

Court of Appeals of Texas, Dallas.

March 19, 2008.

Gary L. Schappaugh, Gary L. Schappaugh, P.C., Mesquite, TX, for Appellant.

J. Darlene Ewing, Dallas, Janice Helene Mccorkel, Mesquite, TX, for Appellee.

Before Chief Justice THOMAS and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Chief Justice THOMAS.

This is an appeal from an order granting Kathy Hartzog and Jerry Grills possession of their three grandchildren pursuant to the grandparent access statute. *See* TEX. FAM.CODE ANN. § 153.433 (Vernon Supp. 2007). The children's father, James Radford Sayman, challenges the trial court's order, asserting (1) Hartzog and Grills failed to satisfy the statutory requirements for such an order, and (2) the order is unconstitutional because Sayman is a fit parent and there is no evidence he would completely deny access to the children or that the children would suffer emotional harm if the trial court deferred to his decision. Because Hartzog and Grills do not meet the statutory requirements of section 153.433 of the family code, we reverse the trial court's judgment and render judgment that their petition is denied.

## Background

Sayman and Jennifer Lou Barger divorced in May 2004 and were named joint managing conservators of their three children. Barger is the daughter of Hartzog and Grills. In May 2005, Barger began abusing drugs and Sayman filed a petition to modify the parent-child relationship. Hartzog and Grills intervened, seeking possession of or access to the children pursuant to the grandparent access stat-

ute. The trial court entered temporary orders limiting Barger's right to possession of the children to supervised possession at Hannah's House. However, Barger failed to exercise her right to supervised possession of the children.

After a hearing, the trial court granted both Sayman's and the grandparents' petitions. The trial court designated Sayman as the sole managing conservator of the children, granted Hartzog and Grills specific periods of possession of the children, and designated Barger as possessory conservator of the children with a right to supervised possession of the children at Hannah's House every Wednesday from 5:00 p.m. until 8:00 p.m. and every Saturday from 9:00 a.m. until 12:00 p.m. The trial court also found Barger was not having actual possession of the children. Sayman appealed.

## Analysis

■ Section 153.433 of the Texas Family Code sets out the requirements that must be met before a trial court may order access to a grandchild by a grandparent:

The court shall order reasonable possession of or access to a grandchild by a grandparent if:

(1) at the time the relief is requested, at least one biological or adoptive parent of the child has not had that parent's parental rights terminated;

(2) the grandparent requesting possession of or access to the child overcomes the presumption that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being; and

(3) the grandparent requesting possession of or access to the child is a

parent of a parent of the child and that parent of the child:

(A) has been incarcerated in jail or prison during the three-month period preceding the filing of the petition;

(B) has been found by a court to be incompetent;

(C) is dead; or

(D) does not have actual or court-ordered possession of or access to the child.

TEX. FAM.CODE ANN. § 153.433. We review a trial court's order granting grandparent access for an abuse of discretion. *In re Derzapf,* 219 S.W.3d 327, 333 (Tex.2007) (orig.proceeding) (per curiam). A trial court abuses its discretion when it grants access to a grandparent who fails to meet the statutory requirements. *Id.*

■ Sayman argues Hartzog and Grills do not meet the requirements of section 153.433(3) because there was no evidence Barger was incarcerated, incompetent, or dead and Barger has court-ordered possession of the children. Hartzog and Grills contend section 153.433(3)(D) is ambiguous and that "[i]f any one of the three [options] exist, the grandparents have met this requirement." They assert because Barger is not exercising her possession and, therefore, does not have actual possession of the children, they meet the statutory requirements.

The goal of statutory construction is to give effect to legislative intent. *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex. 2003). In doing so, we begin with the statute's plain language before resorting to rules of construction. *Id.* Unless a statute is ambiguous, we discern that intent from the language of the statute itself. *Id.; see also Tune v. Dep't of Pub. Safety,* 23 S.W.3d 358, 363 (Tex.2000) ("We must enforce the plain meaning of an unambiguous statute.").

When used in a statute, the word "or" is typically disjunctive and "signifies a separation between two distinct ideas." *Jones v. State*, 175 S.W.3d 927, 932 (Tex.App.-Dallas 2005, no pet.) (citing *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 581 (Tex.2000)). The term separates words or phrases, indicating that "either of the separated words or phrases may be employed without the other." *Jones*, 175 S.W.3d at 932; *see In re Porter*, 126 S.W.3d 708, 711 (Tex.App.-Dallas 2004, orig. proceeding [mand. denied]) (use of "or" means only one of two events must take place to trigger application of section). Generally, the use of the disjunctive "or" indicates alternatives and requires that those alternatives be treated separately. *Jones*, 175 S.W.3d at 933; *Cherokee Water Co. v. Freeman*, 33 S.W.3d 349, 354 (Tex.App.-Texarkana 2000, no pet.) (term "or" used to connect words, phrases, or clauses representing alternatives).

Section 153.433(3)(D) is written in the disjunctive with three alternatives. A grandparent has the right to access to or possession of the children if the other statutory requirements are met and if the parent of the child does not have (1) actual possession of the children, (2) court-ordered possession of the children, or (3) access to the children. These three alternatives must be treated separately. If one of the listed alternatives is present, the grandparents do not meet the statutory requirements. *See Jones*, 175 S.W.3d at 933; *Porter*, 126 S.W.3d at 711. In this case, Barger has court-ordered possession of the children. Accordingly, Hartzog and Grills do not meet the statutory requirements for access to or possession of the children.

The trial court abused its discretion in granting Hartzog and Grills's petition when they did not meet the statutory requirements. Therefore, we sustain Say-man's first issue. Due to our disposition of his first issue, we need not address Sayman's second issue contending the order is unconstitutional.

We reverse the trial court's order granting Hartzog and Grills possession of the children and render judgment denying their petition for access.