

# MEMORANDUM OPINION

No. 04-07-00455-CR

Armando G. **CONSTANTE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-0505
Honorable Raymond Angelini, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:      Alma L. López, Chief Justice
           Phylis J. Speedlin, Justice
           Rebecca Simmons, Justice

Delivered and Filed:  July 23, 2008

AFFIRMED

Appellant Armando G. Constante was charged with the felony offense of driving while intoxicated, enhanced with six prior driving while intoxicated convictions. After his motion to quash the indictment and his motion to dismiss the enhancement allegation were denied by the trial court, Constante entered a plea of no contest. Pursuant to a plea bargain, the trial court sentenced Constante to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. Because the trial court properly applied Texas Penal Code section 49.09(e), in effect at the time of Constante's arrest, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

Constante was arrested for driving while intoxicated ("DWI") on August 30, 2005. In its indictment, the State alleged six prior convictions for purposes of elevating Constante's offense from a misdemeanor to a felony and reserved a June 4, 1988 felony conviction to enhance Constante's punishment as a habitual offender for punishment purposes. Trial counsel subsequently filed a "Motion to Quash and Exception to Substance of Indictment and in the Alternative, Motion to Dismiss Enhancement Allegation." Constante argued that the previous convictions could not be used for enhancement because Texas Penal Code section 49.09(e), in effect at the time of the offense, prohibited the same. Constante's sole issue on appeal is that the trial court lacked jurisdiction to hear the case because the prior convictions were too remote for felony enhancement purposes.

## STANDARD OF REVIEW

Constante's assertion that the trial court misapplied Texas Penal Code section 49.09 is a matter of statutory construction, which is a legal question that we review de novo. *Ceballos v. State*, 246 S.W.3d 369, 371 (Tex. App.—Austin 2008, pet. ref'd); *Jones v. State*, 175 S.W.3d 927, 930 (Tex. App.—Dallas 2005, no pet.). In construing a statute, an appellate court's primary objective is to ascertain and give effect to the Legislature's intent. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). In doing so, we look first to the plain and common meaning of the language of the statute, "because the text is the only *definitive* evidence of what the legislators . . . had in mind." *Id*. (emphasis in original); TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.").

**TEXAS PENAL CODE ANN. § 49.09(e)**

The Court of Criminal Appeals opinion in *Getts v. State*, 155 S.W.3d 153, 155-56 (Tex. Crim. App. 2005), is dispositive of this issue. Getts was charged with a felony DWI based on two prior DWI convictions from 1997 and 1984. On appeal, Getts argued the prior convictions were too remote in time to elevate the offense to a third degree felony. *Id.* at 154. The *Getts* Court analyzed section 49.09(e) which prior to its September 1, 2005 revision provided:

> Except as provided by Subsection (f), a conviction may not be used for purposes of enhancement under this section if:
> (1) the conviction was a final conviction under Subsection (d);
> (2) the offense for which the person is being tried was committed more than 10 years after the latest of:
> (A) the date on which the judgment was entered for the previous conviction;
> (B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;
> (C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or
> (D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; . . . .

*Id.* at 155. Act of Sept. 1, 2003, 78th Leg., R.S., ch. 1275, § 2(117), 2003 Tex. Gen. Laws 4147, 4147, repealed by Act of Sept. 1, 2005, 79th Leg., R.S., ch. 996, § 3 (effective September 1, 2005).

First and foremost, the *Getts* Court explained that because subsection (e) states "a conviction may not be used," the subsection applies to prior convictions individually, and not collectively. *Getts*, 155 S.W.3d at 155-56. Thus, an appellate court must consider one prior conviction at a time. *Id.*

Accordingly, we look to the allegations set forth in the State's indictment. Under *Getts*, we first consider whether the current 2005 offense was more than ten years after the 1987 DWI alleged in Constante's indictment. Because we answer in the affirmative, we calculate the time period between the 1987 final conviction and the current allegation. Since this time period is greater than ten years, Constante must have been convicted of a DWI offense within ten years of the 1987 conviction. On April 7, 1993, in cause number 91-CR-4362, Constante was convicted of felony DWI and sentenced to four years confinement in the Institutional Division of the Texas Department of Criminal Justice. Thus, because all three conditions are met:

(1) The 1987 conviction is a final conviction;
(2) The 2005 offense was committed more than ten years after the 1987 offense; and
(3) Constante was convicted of another alcohol related offense within ten years of the 1987 conviction, that being the 1993 conviction;

the 1987 and the 1993 convictions are available for enhancement purposes. *Getts*, 155 S.W.3d at 156-57.

Constante urges that this leads to an absurd result and we should decline to follow *Getts*. We must, however, make note of the Court of Criminal Appeals acknowledgment that, under its interpretation, "a 100-year-old conviction could be used if the defendant also had a 90-year-old conviction, but a 12-year-old conviction cannot be used if the other conviction was just 1-year-old." *Id*. at 157. Importantly, the Court explains that there is nothing inherently absurd in a statute providing that certain prior convictions are available for enhancement purposes but not others. *Id*. We are bound by the Court of Criminal Appeals' interpretation of section 49.09(e) as set forth in *Getts*. *See* Act of Sept. 1, 2003, 78th Leg., R.S., ch. 1275, § 2(117), 2003 Tex. Gen. Laws 4147, 4147, repealed by Act of Sept. 1, 2005, 79th Leg., R.S., ch. 996, § 3 (effective September 1, 2005); *Getts*, 155 S.W.3d at 156-57.

Because the trial court properly applied section 49.09(e), as it was in effect at the time of Constante's arrest, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH