# DISSENTING OPINION

## No. 04-09-00362-CV

## IN THE INTEREST OF B.R.

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-09727
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Karen Angelini, Justice
Dissenting Opinion by: Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed: May 26, 2010

I respectfully dissent from part A of the majority opinion because the majority fails to properly interpret section 154.131(c) of the Family Code.

When interpreting statutes, our primary concern is the Legislature's intent as expressed by the language of the statute. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We construe the statute's words according to their plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to nonsensical or absurd results. *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008); *see also Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). When we interpret a code enacted by the legislature, we read words and phrases in context and construe them according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005); *Jones v. State*, 175 S.W.3d 927, 930 (Tex. App—Dallas 2005, no pet.). Even when a statute is not ambiguous on its face, the Code Construction Act allows a reviewing court to consider other matters in ascertaining legislative intent,

including the objective of the law, the legislative history, and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023 (Vernon 2006); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *Shumake*, 199 S.W.3d at 284. We must examine the legislature's words in context of the statute as a whole. *Harris Co. Hosp. Dist. v. Tomball Reg'l Hosp*., 283 S.W.3d 838, 842 (Tex. 2009).

Section 160.636 of the Texas Family Code authorizes the trial court to order retroactive child support as provided by Chapter 154 of the Family Code. TEX. FAM. CODE ANN. § 160.636(g) (Vernon Supp. 2009). Chapter 154 subsections c and d provide:

> (c)     It is presumed that a court order limiting the amount of retroactive child support to an amount that does not exceed the total amount of support that would have been due for the four years preceding the date the petition seeking support was filed is reasonable and in the best interest of the child.
>
> (d)     The presumption created under this section may be rebutted by evidence that the obligor:
> (1)     knew or should have known that the obligor was the father of the child for whom support is sought; and
> (2)     sought to avoid the establishment of a support obligation to the child.

*Id*. § 154.131 (Vernon 2008).

Construing the amendment to Chapter 154 according to the plain and common meaning of its words, subsection (c) creates a presumption that retroactive child support representing an amount that would have been due for the four years preceding the date the petition seeking support was filed is reasonable and in the best interest of the child. Perforce, if the trial court orders an amount that is more than what would have been due for the preceding four years, the order is not reasonable and

not in the child's best interest.  Thus, the legislature added subsection (d), which allows the trial court to order an amount of retroactive child support that exceeds what would have been due in the previous four years if the obligor knew or should have known that he was the father of the child and avoided the establishment of the support obligation.  This procedure serves public policy concerns of what is in the best interest of the child and what is reasonable for both the mother and father.  The presumption addresses both the situation where a mother keeps knowledge of the child's existence from the biological father or when a father actively avoids the establishment of a child support.

The legislative history supports my interpretation of the statute.  Subsections (c), (d), and (e) were added to the Family Code by way of H.B. 899 of the 77th Regular Session of the Texas Legislature.  The Honorable Senfronia Thompson was the author of the bill and testified about the intent of the bill during a committee hearing on March 6, 2001.  *See* testimony of Representative Thompson on H.B. 899, 77th R.S. (2001), *available at* *http://www.house.state.tx.us/committees/audio77/340.htm* (archived broadcasts March 6, 2001).  In her testimony, Representative Thompson told the committee that the purpose of the bill was to limit an award of retroactive child support to no more than what would have been due for the preceding four years unless the presumption contained in the bill was rebutted.  *Id*.  Representative Thompson explained the impetus of the bill was a study that found men who are saddled with a large amount of retroactive child support are less likely to meet current child support obligations.  *Id*.; *see also* John J. Sampson et. al., Sampson & Tindall's Texas Family Code Ann., Title 5, subtitle B, chap. 154, pg 614 cmt. (Thomson West 2009) ("In effect, [subsection (c)] creates an estoppel by laches

defense with the burden of refutation falling upon the obligee or the state, as the case may be."). The majority errs in holding subsections (c) and (d) inapplicable to this case.

Applying the presumption, I would reverse and remand the trial court's retroactive child support award. Here, there is insufficient evidence to rebut the presumption. Although Luis has acknowledged he is B.R.'s father, Amber's only evidence to rebut the second prong of the presumption is that Luis provided some irregular support for B.R., that such support fell "embarrassingly" short of the support he should have paid, and Luis knew he had a duty to support B.R. but failed to take steps to establish a formal support obligation. This evidence does not directly or by inference show that Luis sought to avoid the establishment of a support obligation. Because there is no evidence rebutting the second prong of the presumption, the retroactive child support award must be limited to an amount not to exceed the total amount that would have been due for the four years preceding the date the petition seeking support was filed. TEX. FAM. CODE ANN. § 154.131(c)(d)(Vernon 2008).

I respectfully dissent to the majority's resolution of the retroactive child support issue. This court should hold the trial court abused its discretion, reverse the part of the trial court judgment that awards $67,943.78 for retroactive child support, and remand the case for a new determination of retroactive child support. I join in all other aspects of the majority opinion.

Steven C. Hilbig, Justice