**Opinion filed June 3, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00221-CV
_____

## UNDERWRITERS AT LLOYDS OF LONDON, Appellant

## V.

## ROBERT HARRIS, INDIVIDUALLY AND D/B/A HARRIS GARAGE, Appellee

### On Appeal from the 77th District Court

### Freestone County, Texas

### Trial Court Cause No. 08-356-A

## O P I N I O N

Robert Harris, individually and d/b/a Harris Garage, filed suit against Underwriters at Lloyds of London seeking towing and storage charges and attorney's fees. The jury found for Harris, and the trial court entered judgment in his favor. We affirm in part and reverse in part.

### I. *Background Facts*

A tractor-trailer owned by Kasse Transportation was involved in a motor vehicle accident. Law enforcement officials asked Harris to tow the vehicle from the accident scene, and he took it to his storage facility. Underwriters is Kasse's insurer. Harris contacted it and

demanded payment of $14,972.50 for towing, storage, and site cleanup fees pursuant to the Texas Vehicle Storage Facility Act.[1] Underwriters paid Kasse's towing policy limits of $6,000. Harris then filed suit to collect the balance of his invoice. The jury found for Harris, and the trial court entered a judgment awarding him his unpaid towing and storage charges and his attorney's fees.

## II. *Issues Presented*

Underwriters challenges the trial court's judgment with two issues. Underwriters contends that the trial court erred by awarding Harris his attorney's fees and that it erred by awarding Harris both towing and storage fees.

## III. *Attorney's Fees*

Harris requested a declaratory judgment that Underwriters was liable to him for all unpaid towing and storages charges, and the trial court's final judgment includes a declaration that insurance carriers are liable for reasonable towing *and* storage charges pursuant to the Vehicle Storage Facility Act. The trial court also awarded Harris attorney's fees of $18,387.50 as found by the jury pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008). Underwriters contends that Harris is not entitled to attorney's fees because the declaratory relief he sought was redundant of his Vehicle Storage Facility Act claim. Harris responds that the award is appropriate because the trial court determined his rights under a statute.

We review a trial court's award of attorney's fees under the Declaratory Judgment Act[2] for an abuse of discretion. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). The trial court abuses its discretion if its ruling that attorney's fees were recoverable was arbitrary or unreasonable. *Cadle Co. v. Harvey*, 46 S.W.3d 282, 289 (Tex. App.—Fort Worth 2001, pet. denied).

The Texas Supreme Court has recently held that being entitled to declaratory relief does not automatically entitle a plaintiff to attorney's fees. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660 (Tex. 2009). In *MBM Financial*, the plaintiff established a breach of contract but it was not entitled to attorney's fees under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 2008) because it failed to prove any damages. *Id.* at 666. The plaintiff also obtained a declaratory judgment that it complied with the contract and that the defendant did

---

[1]TEX. OCC. CODE ANN. § 2303.001 et. seq. (Vernon 2004 & Supp. 2009).

[2]TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (Vernon 2008).

not. *Id.* at 670.  It argued that this declaratory judgment authorized an attorney's fee award.  The supreme court affirmed the plaintiff's declaratory judgment but found that this did not authorize an attorney's fee award under the Declaratory Judgment Act. The court reasoned that, if a claimant could recover attorney's fees under Section 37.009 simply by repleading a breach of contract claim as a declaratory judgment action, this would repeal the American Rule[3] and the limits imposed on fee awards in other statutes.  *Id.* at 669.  Because specific statutory provisions prevail over general provisions in statutory construction[4] and the declaratory judgment claim was redundant of the breach of contract claim, the plaintiff's right to recover attorney's fees was defined by contract law.   Because the plaintiff could not recover its attorney's fees under Section 38.001, it could not recover them under Section 37.009.  *Id.* at 670.

The Vehicle Storage Facility Act provides Harris a specific remedy when he tows or stores a vehicle at the request of law enforcement officials following an accident.  For example, Section 2303.155 authorizes storage charges, Section 2303.156 makes lienholders who repossess the vehicle or carriers who pay a claim of total loss on the vehicle responsible for his charges, and Section 2303.157 allows him to dispose of abandoned vehicles.  The Act also includes an attorney's fee provision.  Section 2303.301(b) authorizes an award of attorney's fees when the attorney general prevails in a suit under the Act.  But there is no provision authorizing an award of attorney's fees to private litigants.  Because the Act provides Harris a specific remedy but not attorney's fees and because Harris's claim for declaratory judgment was redundant of his statutory claim, the trial court abused its discretion when it awarded Harris attorney's fees.  Issue one is sustained.

IV. *Actual Damages*

Underwriters next argues that the trial court erred by awarding Harris towing *and* storage charges, contending that Section 2303.156(b) is phrased disjunctively and, therefore, that Harris could recover either his towing or storage charges but not both.   Harris disputes this interpretation and contends that the statute uses the word "or" to mean that one of two distinct events must take place to trigger its application and that the legislature intended the Act to facilitate the full reimbursement of companies such as his when they respond to a request by law

---

[3]The American Rule prohibits fee awards unless specifically provided for by contract or statute. *Tony Gullo Motors 1, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006).

[4]*See* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 2005) (requiring that specific statutory provisions prevail over general ones in statutory construction).

enforcement officials to tow the vehicle of an owner who is incapacitated or otherwise unable to give consent.

The interpretation of a statute is a question of law. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001). Consequently, we review the trial court's interpretation de novo. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). Our principal task is to ascertain the legislature's intent. *Brown v. Owens*, 674 S.W.2d 748, 750 (Tex. 1984). The legislature has provided guidance for this task. We begin with the presumption that the legislature intended that the statute (1) comply with the United States and Texas Constitutions, (2) be effective in its entirety, (3) produce a just and reasonable result, and (4) produce a result feasible of execution. TEX. GOV'T CODE ANN. § 311.021 (Vernon 2005). We also presume that the legislature favored public interest over any private interest. *Id.* We may consider (1) the object sought to be attained; (2) the circumstances under which the statute was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) the consequences of a particular construction; (6) administrative construction of the statute; and (7) the title, preamble, and emergency provision. TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005). We read words and phrases in context and construe them according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005).

Construction of any statute starts with consideration of its language. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("We must construe statutes as written and, if possible, ascertain legislative intent from the statute's language."). Section 2303.156(b) provides:

> An insurance company that pays a claim of total loss on a vehicle in a vehicle storage facility is liable to the operator of the facility for any money owed to the operator in relation to delivery of the vehicle to or storage of the vehicle in the facility regardless of whether an amount accrued before the insurance company paid the claim.

Underwriters contends that, if the legislature had intended for carriers to be responsible for towing *and* storage charges, it would have written the statute conjunctively by using the word "and" rather than the disjunctive "or." Texas courts have held that "or" is disjunctive, that it signifies a separation between two ideas, and that it usually requires alternatives to be treated separately. *See, e.g., Jones v. State*, 175 S.W.3d 927, 932-33 (Tex. App.—Dallas 2005, no pet.). But this does not, however, mean that the word "or" automatically creates a choice between two

mutually exclusive options. Instead, Texas cases have applied a more rigorous statutory analysis by considering the word "or" against the backdrop of the entire statute.

For example, in *Jones*, the court found that the use of the word "or" in TEX. CIV. PRAC. & REM. CODE § 103.002[5] forced an election between filing an administrative proceeding or a lawsuit. 175 S.W.3d at 932. But the court's analysis was aided by the statute's additional language that "a person may not seek compensation under both Subchapter B and C." *See id.* at 931. Similar language is noticeably absent from Section 2303.156(b). Conversely, the Dallas court found that the word "or" served a conjunctive purpose in *In re Porter*, 126 S.W.3d 708, 711 (Tex. App.—Dallas 2004, orig. proceeding) (recall election must take place if either the city council or the city secretary certify a recall petition). *See also Cherokee Water Co. v. Freeman*, 33 S.W.3d 349, 354 (Tex. App.—Texarkana 2000, no pet.) ("living or visiting with him" provision in deed used the word "or" conjunctively as a means of connecting the pronoun "them" with alternative adjectives "living" and "visiting").

The Texas Supreme Court most recently interpreted the statutory use of the word "or" in *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578 (Tex. 2000). There, the court was concerned with the interpretation of a constitutional provision that read:

> Sec. 50. (a) The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for:
>
> . . . .
>
> > (5) work and material used in constructing new improvements thereon, *if contracted for in writing*, or work and material used to repair or renovate existing improvements thereon if:
> >
> > > (A) the work and material are *contracted for in writing*, with the consent of both spouses, in the case of a family homestead, given in the same manner as is required in making a sale and conveyance of the homestead.

TEX. CONST. art XVI, § 50(a)(5)(A) (emphasis added). The question was whether the subparts following subsection (5) applied to new construction or merely repair and renovation. The court held that "or" was a disjunctive conjunction signifying two distinct ideas and that, if the subparts

---

[5]Repealed by Acts 2009, 81st Leg., ch. 180, § 12(1), eff. Sept. 1, 2009.

also applied to new construction, this interpretation would impair the provision's meaning because it would make the phrase "if contracted for in writing" in subsection (5) superfluous. 34 S.W.3d at 580-81.

When courts have construed "or" as a disjunctive term requiring a choice or election, they have generally done so because the statute's language indicates a legislative purpose for this requirement. For example, in *Jones*, 175 S.W.3d 927, requiring a claimant to chose between an administrative or judicial proceeding promoted efficiency. Underwriters has provided no public policy reason for requiring Harris to elect between recovering storage or towing fees. Moreover, even if we accept Underwriters's contention that the legislature only intended to hold carriers responsible for one of two charges, this language would not accomplish that purpose. Assume that Harris towed the vehicle to a storage facility owned by Acme, Inc. and that Harris incurred only towing charges and Acme only storage charges. Underwriters's construction of Section 2303.156(b) would not prevent them from both recovering.

The Tyler court has noted that the presence of a wrecked vehicle on or near a public highway presents a public safety risk and that Section 2303.156(b) shifts the burden of towing totaled vehicles from towing companies to insurance companies to increase the likelihood that towing companies will help clear the roadway. *See Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 570 (Tex. App.—Tyler 2007, pet. denied). This construction finds expression in the statute's language that carriers are "liable to the operator of the facility *for any money owed to the operator* . . . regardless of whether an amount accrued before the insurance company paid the claim." Section 2303.156(b) (emphasis added).

Wrecked vehicles must be towed *and* stored following a wreck. The public's safety is not impacted if these two services are provided by one versus two companies but a private company's willingness to provide either would be impacted by its ability to secure payment. Treating the "or" as a disjunctive conjunction provides an incentive for companies such as Harris's to provide necessary towing services, vehicle storage, or both; this construction is consistent with the statute's language that operators can recover "any money owed" for towing or storage; and it produces a just and reasonable result by providing private companies a means of securing compensation for services that promote public safety. Underwriters's construction, on the other hand, would provide a disincentive for no apparent purpose beyond limiting the carrier's exposure. Because we presume the legislature favored public interest over private

6

interest, we cannot agree that the legislature intended Section 2303.156(b) to allow Harris either towing or storage compensation but not both.  Issue two is overruled.

## V. *Conclusion*

The judgment of the trial court is affirmed in part and reversed in part.  That portion of the judgment awarding Harris actual damages is affirmed.  That portion of the judgment awarding Harris attorney's fees is reversed, and judgment is rendered that Harris is not entitled to attorney's fees.

RICK STRANGE

JUSTICE

June 3, 2010

Panel consists of Wright, C.J.,
McCall, J., and Strange, J.