Opinion filed June 3, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00221-CV

                                                    __________

 

             UNDERWRITERS
AT LLOYDS OF LONDON, Appellant

 

                                                             V.

 

                    ROBERT
HARRIS, INDIVIDUALLY AND D/B/A 

                                
HARRIS GARAGE, Appellee



 

                                   On
Appeal from the 77th District Court

 

                                                         Freestone
County, Texas

 

                                                   Trial
Court Cause No. 08-356-A

 



 

                                                                  O
P I N I O N

 

Robert
Harris, individually and d/b/a Harris Garage, filed suit against Underwriters
at Lloyds of London seeking towing and storage charges and attorney’s fees.  The
jury found for Harris, and the trial court entered judgment in his favor.  We
affirm in part and reverse in part.

I. 
Background Facts

A
tractor-trailer owned by Kasse Transportation was involved in a motor vehicle
accident.  Law enforcement officials asked Harris to tow the vehicle from the
accident scene, and he took it to his storage facility.  Underwriters is
Kasse’s insurer.  Harris contacted it and demanded payment of $14,972.50 for
towing, storage, and site cleanup fees pursuant to the Texas Vehicle Storage
Facility Act.[1] 
Underwriters paid Kasse’s towing policy limits of $6,000. Harris then filed
suit to collect the balance of his invoice.  The jury found for Harris, and the
trial court entered a judgment awarding him his unpaid towing and storage charges
and his attorney’s fees.

II.  Issues Presented

Underwriters
challenges the trial court’s judgment with two issues.  Underwriters contends
that the trial court erred by awarding Harris his attorney’s fees and that it
erred by awarding Harris both towing and storage fees.

III. 
Attorney’s Fees

Harris
requested a declaratory judgment that Underwriters was liable to him for all
unpaid towing and storages charges, and the trial court’s final judgment
includes a declaration that insurance carriers are liable for reasonable towing
and storage charges pursuant to the Vehicle Storage Facility Act.  The
trial court also awarded Harris attorney’s fees of $18,387.50 as found by the
jury pursuant to Tex. Civ. Prac. &
Rem. Code Ann. § 37.009 (Vernon 2008). Underwriters contends that Harris
is not entitled to attorney’s fees because the declaratory relief he sought was
redundant of his Vehicle Storage Facility Act claim.  Harris responds that the
award is appropriate because the trial court determined his rights under a statute.

We
review a trial court’s award of attorney’s fees under the Declaratory Judgment
Act[2]
for an abuse of discretion.  Ridge Oil Co. v. Guinn Invs., Inc., 148
S.W.3d 143, 163 (Tex. 2004).  The trial court abuses its discretion if its
ruling that attorney’s fees were recoverable was arbitrary or unreasonable.  Cadle
Co. v. Harvey, 46 S.W.3d 282, 289 (Tex. App.—Fort Worth 2001, pet. denied).

The
Texas Supreme Court has recently held that being entitled to declaratory relief
does not automatically entitle a plaintiff to attorney’s fees.  See MBM Fin.
Corp. v. Woodlands Operating Co., 292 S.W.3d 660 (Tex. 2009).  In MBM
Financial, the plaintiff established a breach of contract but it was not
entitled to attorney’s fees under Tex.
Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 2008) because it
failed to prove any damages.  Id. at 666.  The plaintiff also obtained a
declaratory judgment that it complied with the contract and that the defendant
did not.  Id. at 670.  It argued that this declaratory judgment
authorized an attorney’s fee award.  The supreme court affirmed the plaintiff’s
declaratory judgment but found that this did not authorize an attorney’s fee
award under the Declaratory Judgment Act. The court reasoned that, if a
claimant could recover attorney’s fees under Section 37.009 simply by repleading
a breach of contract claim as a declaratory judgment action, this would repeal
the American Rule[3]
and the limits imposed on fee awards in other statutes.  Id. at 669. 
Because specific statutory provisions prevail over general provisions in statutory
construction[4]
and the declaratory judgment claim was redundant of the breach of contract
claim, the plaintiff’s right to recover attorney’s fees was defined by contract
law.  Because the plaintiff could not recover its attorney’s fees under Section 38.001,
it could not recover them under Section 37.009.  Id. at 670.  

The
Vehicle Storage Facility Act provides Harris a specific remedy when he tows or
stores a vehicle at the request of law enforcement officials following an
accident.  For example, Section 2303.155 authorizes storage charges, Section
2303.156 makes lienholders who repossess the vehicle or carriers who pay a
claim of total loss on the vehicle responsible for his charges, and Section
2303.157 allows him to dispose of abandoned vehicles.  The Act also includes an
attorney’s fee provision.  Section 2303.301(b) authorizes an award of
attorney’s fees when the attorney general prevails in a suit under the Act. 
But there is no provision authorizing an award of attorney’s fees to private
litigants.  Because the Act provides Harris a specific remedy but not
attorney’s fees and because Harris’s claim for declaratory judgment was
redundant of his statutory claim, the trial court abused its discretion when it
awarded Harris attorney’s fees.  Issue one is sustained.

IV. 
Actual Damages

Underwriters
next argues that the trial court erred by awarding Harris towing and
storage charges, contending that Section 2303.156(b) is phrased disjunctively
and, therefore, that Harris could recover either his towing or storage charges
but not both.  Harris disputes this interpretation and contends that the
statute uses the word “or” to mean that one of two distinct events must take
place to trigger its application and that the legislature intended the Act to
facilitate the full reimbursement of companies such as his when they respond to
a request by law enforcement officials to tow the vehicle of an owner who is
incapacitated or otherwise unable to give consent.

The
interpretation of a statute is a question of law.  In re Canales, 52
S.W.3d 698, 701 (Tex. 2001).  Consequently, we review the trial court’s
interpretation de novo.  Johnson v. City of Fort Worth, 774 S.W.2d 653,
656 (Tex. 1989).  Our principal task is to ascertain the legislature’s intent. 
Brown v. Owens, 674 S.W.2d 748, 750 (Tex. 1984).  The legislature has
provided guidance for this task.  We begin with the presumption that the
legislature intended that the statute (1) comply with the United States and
Texas Constitutions, (2) be effective in its entirety, (3) produce a just and
reasonable result, and (4) produce a result feasible of execution.  Tex. Gov’t Code Ann. § 311.021 (Vernon
2005).  We also presume that the legislature favored public interest over any
private interest.  Id.  We may consider (1) the object sought to be
attained; (2) the circumstances under which the statute was enacted; (3)
legislative history; (4) common law or former statutory provisions,
including laws on the same or similar subjects; (5) the consequences of a
particular construction; (6) administrative construction of the statute; and
(7) the title, preamble, and emergency provision.  Tex. Gov’t Code Ann. § 311.023 (Vernon 2005).  We read words
and phrases in context and construe them according to the rules of grammar and
common usage.  Tex. Gov’t Code Ann.
§ 311.011(a) (Vernon 2005).

Construction
of any statute starts with consideration of its language.  See Helena Chem.
Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001) (“We must construe statutes
as written and, if possible, ascertain legislative intent from the statute’s
language.”). Section 2303.156(b) provides:

            An
insurance company that pays a claim of total loss on a vehicle in a vehicle
storage facility is liable to the operator of the facility for any money owed
to the operator in relation to delivery of the vehicle to or storage of the
vehicle in the facility regardless of whether an amount accrued before the
insurance company paid the claim.

 

Underwriters
contends that, if the legislature had intended for carriers to be responsible
for towing and storage charges, it would have written the statute
conjunctively by using the word “and” rather than the disjunctive “or.”  Texas
courts have held that “or” is disjunctive, that it signifies a separation
between two ideas, and that it usually requires alternatives to be treated
separately.  See, e.g., Jones v. State, 175 S.W.3d 927, 932-33 (Tex.
App.—Dallas 2005, no pet.).  But this does not, however, mean that the word
“or” automatically creates a choice between two mutually exclusive options. 
Instead, Texas cases have applied a more rigorous statutory analysis by considering
the word “or” against the backdrop of the entire statute.

            For
example, in Jones, the court found that the use of the word “or” in Tex. Civ. Prac. & Rem. Code §
103.002[5]
forced an election between filing an administrative proceeding or a lawsuit. 
175 S.W.3d at 932.  But the court’s analysis was aided by the statute’s
additional language that “a person may not seek compensation under both
Subchapter B and C.”  See id. at 931.  Similar language is noticeably
absent from Section 2303.156(b).  Conversely, the Dallas court found that the
word “or” served a conjunctive purpose in In re Porter, 126 S.W.3d 708,
711 (Tex. App.—Dallas 2004, orig. proceeding) (recall election must take place
if either the city council or the city secretary certify a recall petition).  See
also Cherokee Water Co. v. Freeman, 33 S.W.3d 349, 354 (Tex. App.—Texarkana
2000, no pet.) (“living or visiting with him” provision in deed used the word
“or” conjunctively as a means of connecting the pronoun “them” with alternative
adjectives “living” and “visiting”).

            The
Texas Supreme Court most recently interpreted the statutory use of the word
“or” in Spradlin v. Jim Walter Homes, Inc., 34 S.W.3d 578 (Tex. 2000). 
There, the court was concerned with the interpretation of a constitutional
provision that read:

            Sec. 50.
(a) The homestead of a family, or of a single adult person, shall be, and is
hereby protected from forced sale, for the payment of all debts except for:

 

. . . .

 

            (5)
work and material used in constructing new improvements thereon, if
contracted for in writing, or work and material used to repair or renovate
existing improvements thereon if:

 

            (A) the
work and material are contracted for in writing, with the consent of
both spouses, in the case of a family homestead, given in the same manner as is
required in making a sale and conveyance of the homestead.

 

Tex. Const. art XVI, § 50(a)(5)(A)
(emphasis added).  The question was whether the subparts following subsection
(5) applied to new construction or merely repair and renovation.  The court
held that “or” was a disjunctive conjunction signifying two distinct ideas and
that, if the subparts also applied to new construction, this interpretation
would impair the provision’s meaning because it would make the phrase “if
contracted for in writing” in subsection (5) superfluous.  34 S.W.3d at
580-81.  

When
courts have construed “or” as a disjunctive term requiring a choice or election,
they have generally done so because the statute’s language indicates a
legislative purpose for this requirement.  For example, in Jones, 175
S.W.3d 927, requiring a claimant to chose between an administrative or judicial
proceeding promoted efficiency.  Underwriters has provided no public policy
reason for requiring Harris to elect between recovering storage or towing
fees.  Moreover, even if we accept Underwriters’s contention that the
legislature only intended to hold carriers responsible for one of two charges,
this language would not accomplish that purpose.  Assume that Harris towed the
vehicle to a storage facility owned by Acme, Inc. and that Harris incurred only
towing charges and Acme only storage charges.  Underwriters’s construction of Section
2303.156(b) would not prevent them from both recovering.

The
Tyler court has noted that the presence of a wrecked vehicle on or near a
public highway presents a public safety risk and that Section 2303.156(b)
shifts the burden of towing totaled vehicles from towing companies to insurance
companies to increase the likelihood that towing companies will help clear the
roadway.  See Canal Ins. Co. v. Hopkins, 238 S.W.3d 549, 570 (Tex.
App.—Tyler 2007, pet. denied).  This construction finds expression in the
statute’s language that carriers are “liable to the operator of the facility for
any money owed to the operator . . . regardless of whether an amount
accrued before the insurance company paid the claim.”  Section 2303.156(b)
(emphasis added).  

Wrecked
vehicles must be towed and stored following a wreck.  The public’s
safety is not impacted if these two services are provided by one versus two
companies but a private company’s willingness to provide either would be
impacted by its ability to secure payment. Treating the “or” as a disjunctive
conjunction provides an incentive for companies such as Harris’s to provide
necessary towing services, vehicle storage, or both; this construction is
consistent with the statute’s language that operators can recover “any money
owed” for towing or storage; and it produces a just and reasonable result by
providing private companies a means of securing compensation for services that
promote public safety.  Underwriters’s construction, on the other hand, would
provide a disincentive for no apparent purpose beyond limiting the carrier’s
exposure.  Because we presume the legislature favored public interest over
private interest, we cannot agree that the legislature intended Section
2303.156(b) to allow Harris either towing or storage compensation but not
both.  Issue two is overruled.

V. 
Conclusion

The
judgment of the trial court is affirmed in part and reversed in part.  That
portion of the judgment awarding Harris actual damages is affirmed.  That
portion of the judgment awarding Harris attorney’s fees is reversed, and
judgment is rendered that Harris is not entitled to attorney’s fees.

 

                                                                                    

RICK
STRANGE

                                                                                    JUSTICE

 

June 3, 2010

Panel consists of Wright, C.J., 

McCall, J., and Strange, J. 









                [1]Tex. Occ. Code Ann. § 2303.001 et. seq. (Vernon 2004 & Supp. 2009).

 





                [2]Tex. Civ. Prac. & Rem. Code Ann. §§
37.001-.011 (Vernon 2008).





                [3]The American Rule prohibits fee awards unless
specifically provided for by contract or statute.  Tony Gullo Motors 1, L.P.
v. Chapa, 212 S.W.3d 299, 310-11 (Tex. 2006).

 





                [4]See
Tex. Gov’t Code Ann. § 311.026(b)
(Vernon 2005) (requiring that specific statutory provisions prevail over
general ones in statutory construction).





                [5]Repealed by Acts 2009, 81st Leg., ch. 180, § 12(1),
eff. Sept. 1, 2009.