**AFFIRM; and Opinion Filed February 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00443-CV

**CLINT SIMON D/B/A SHERLOCK PEST AND D/B/A SHERLOCK SPEC, AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Appellants**

**V.**

**TUDOR INSURANCE COMPANY AND NORMAN P. HINES III D/B/A HOOPER & HINES INSURANCE, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-13433**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Lang-Miers
Opinion by Justice Lang-Miers

This is an insurance coverage dispute. Appellants Clint Simon d/b/a Sherlock Pest and d/b/a Sherlock Spec (collectively, Simon Parties) and Certain Underwriters at Lloyd's, London appeal the summary judgment granted in favor of appellees Tudor Insurance Company and Norman P. Hines III d/b/a Hooper & Hines Insurance. In two issues, appellants argue that the trial court erred in granting summary judgment for appellees and in denying appellants' motions

for continuance and motion to compel.[1]  Because all dispositive issues are settled in law, we issue this memorandum opinion.  TEX. R. APP. P. 47.2(a), 47.4.  We affirm.

## BACKGROUND

Simon d/b/a Sherlock Pest holds a business license issued by the Structural Pest Control Service of the Texas Department of Agriculture to perform wood destroying insect inspections as part of the business of structural pest control.  *See* TEX. OCC. CODE ANN. § 1951.003 (West 2012) (defining the business of structural pest control).  In December 2007, Simon d/b/a Sherlock Pest signed and submitted to Hines, an insurance agent, an application for insurance entitled "Termite & Pest Control General Liability Application[.]"  The application stated "WDI excluded."  Simon also signed an accompanying "Absolute WDI Exclusion" that read:

> I hereby agree to and acknowledge that I fully understand that this policy contains an absolute exclusion for all professional liability or errors and omissions claims or losses arising out of Inspection operations of any kind.  The exclusion specifically address [sic] but is not limited to, Wood Destroying Insect Inspections, Real Estate Inspections with respect to all business concerns regardless of the interest of insured.
>
> I hereby state that I understand and agree with the above exclusions of coverage.

Tudor subsequently issued a commercial liability policy to Simon d/b/a Sherlock Pest.  The policy reflected the exclusion that Simon had agreed to in his application and the WDI exclusion in two endorsements, which stated:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### EXCLUSION—DESIGNATED PROFESSIONAL SERVICES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

---

[1] The Court also received an amicus brief from the Texas Pest Control Association.

–2–

**SCHEDULE**

**Description Of Professional Services:**

1. STRUCTURAL PEST AND/OR WOOD-DESTROYING ORGANISM INSPECTIONS

. . . .

This insurance does not apply to "bodily injury", [or] "property damage" . . . due to the rendering of or failure to render any professional service.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION—INSPECTION, APPRAISAL AND SURVEY COMPANIES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

. . . .

This insurance does not apply to "bodily injury", [or] "property damage" . . . for which the insured may be held liable because of the rendering of or failure to render professional services in the performance of any . . . inspection . . . services.

On November 17, 2008, Simon signed and submitted to Hines a "Pest Control Renewal Application/Quote" that specified: "Excludes WDI Inspections Errors & Omissions (Signed Rejection Form required)[.]" Simon agreed to and acknowledged an accompanying "Absolute WDI Exclusion" that was identical to the exclusion that he signed with his original policy in 2007. The renewal application also stated that "WDI E&O not available for Home Inspectors[.]"

On November 25, 2008, Hines, as Tudor's authorized representative, signed a certificate of insurance for Sherlock Pest that was submitted to the Structural Pest Control Service of the Texas Department of Agriculture.[2] The certificate noted that the policy's effective date was

---

[2] Previously, in December 2007, Hines, as Tudor's authorized representative, had signed and submitted a certificate of insurance on behalf of Sherlock Pest certifying the issuance of the original policy that contained the same provisions as the 2008 certificate.

–3–

December 17, 2008 and the expiration date was December 17, 2009. In the certificate, Tudor stated "that it ha[d] issued to the insured named herein a policy or policies of insurance providing the types of insurance and limits of liability set forth herein." The certificate clarified that the certificate was "furnished for information only, confer[red] no rights on the holder and [was] issued with the understanding that the rights and liabilities of the parties will be governed by the original policies as they may be lawfully amended from time to time." The certificate also provided:

> GENERAL LIABILITY: Applicant must file with the board a policy or contract of insurance approved as sufficient by the board in an amount of not less than $200,000 bodily injury and property damage coverage with a minimum total aggregate of $300,000 for all occurrences, insuring him against liability for damage to persons or property, under his care, custody, or control.

On the certificate, Tudor listed the limits of liability for "BODILY INJURY AND PROPERTY DAMAGE" under the 2008 policy that it issued to Sherlock Pest as $200,000 for each occurrence and $300,000 aggregate. The certificate included a space for Tudor to "[l]ist any categories of pest control work or any pesticides excluded in this coverage[.]" Tudor did not list any excluded categories.

On December 1, 2008, Tudor issued a renewal policy covering the policy period from December 17, 2008 to December 17, 2009. The renewal policy included verbatim the two endorsements that were included in Simon's original 2007 policy, which excluded from coverage (1) bodily injury and property damage resulting from providing or failing to provide structural pest and wood destroying organism inspections and (2) bodily injury and property damage resulting from providing or failing to provide inspection services.

Appellants allege that, while the renewal policy was in effect, Sherlock Pest performed a wood destroying insect inspection on a home and provided the inspection report to Sherlock Spec to include in a home inspection report. The homeowners subsequently sued Simon d/b/a

Sherlock Pest and d/b/a Sherlock Spec for allegedly performing an improper wood destroying insect inspection. Appellants allege that Simon d/b/a Sherlock Pest reported the claim to Hines and Tudor, and Tudor denied the claim on the grounds that the policy excluded coverage for that type of claim. According to appellants, Underwriters, the professional liability carrier for Sherlock Spec, subsequently settled the homeowners' claim and obtained a release of the claim against Simon d/b/a Sherlock Pest and d/b/a Sherlock Spec.

Appellants then sued appellees alleging claims for deceptive trade and insurance practices, common law fraud, and negligent misrepresentation and, as the basis for those claims, contended that appellants were harmed because they relied on the truthfulness of the certificate of insurance. Appellants also sued for breach of contract, claiming that appellees wrongfully refused to defend the claim against Simon d/b/a Sherlock Pest. In a Supplemental Petition, appellants asked for a declaratory judgment and for class certification of the claims.

Tudor filed a motion for traditional summary judgment on all claims, contending that all of the claims failed as a matter of law because the documents expressly excluded inspections coverage. Before a hearing on Tudor's motion for summary judgment, appellants filed a motion to compel Tudor to answer interrogatories and filed a motion for continuance of the hearing on the motion for summary judgment. The trial court denied the motion for continuance and granted Tudor's motion for summary judgment. The trial court later also denied the motion to compel. Then Hines filed a motion for traditional summary judgment. And appellants filed a motion for continuance of the hearing on Hines's motion for summary judgment and a motion for reconsideration of the court's denial of the motion for continuance of Tudor's summary judgment hearing. The court denied the motion for continuance and motion for reconsideration

and granted Hines's motion for summary judgment.[3]  Appellants then filed this appeal, contending that the trial court erred by granting summary judgment for Tudor and Hines and by denying appellants' motions for continuance and motion to compel.

SUMMARY JUDGMENT

**Standard of Review**

We review a traditional summary judgment de novo to determine whether a party's right to prevail is established as a matter of law.  *Orix Capital Mkts., LLC v. Am. Realty Trust, Inc.*, 356 S.W.3d 748, 751 (Tex. App.—Dallas 2011, pet. denied).  A party moving for traditional summary judgment under rule of civil procedure 166a(c) must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Orix Capital*, 356 S.W.3d at 751.  When the trial court does not specify the grounds upon which it relied in granting summary judgment, as here, we will affirm on any ground that is meritorious.  *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

**Arguments**

**Appellants' Position**

Appellants argue that appellees did not establish that they were entitled to summary judgment because (1) Tudor, through its local recording agent Hines, "actively engages in a practice of fraudulently misrepresenting the coverage provided by the junk insurance policies they sell to Texas pest control companies" and (2) appellees "affirmatively misrepresent the coverage they sell to the state agency responsible for licensing pest control companies."

Although appellants contend that the trial court erred in granting summary judgment on all of their claims—which included deceptive trade and insurance practices, common law fraud, negligent misrepresentation, and breach of contract—appellants' sole argument on appeal is that

---

[3] Appellants then filed a notice of nonsuit of their supplemental petition for declaratory judgment and for class certification.

the trial court erred in concluding that appellants could not have reasonably relied on appellees' alleged representations. We confine our opinion to the argument presented on appeal. *See Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam); *Ohnesorge v. Winfree Acad. Charter Sch.*, 328 S.W.3d 654, 656 n.2 (Tex. App.—Dallas 2010, no pet.).

Appellants argue that section 1951.312 of the occupations code provides the basis for their claims. It states:

> (a) The department may not issue or renew a structural pest control business license until the license applicant:
>
>> (1) files with the department a policy or contract of insurance, approved as sufficient by the department, in an amount not less than $200,000 for bodily injury and property damage coverage, with a minimum total aggregate of $300,000 for all occurrences, insuring the applicant against liability for damage to persons or property occurring as a result of operations performed in the course of the business of structural pest control on premises or any other property under the applicant's care, custody, or control[.]

TEX. OCC. CODE ANN. § 1951.312(a)(1) (West 2012). Appellants contended below that, because the certificate filed with the state did not identify any exclusion, Simon "reasonably relied on the fact that full coverage was provided."

**Appellees' Position**

Appellees argue that the trial court did not err by granting summary judgment and that appellants' claims were precluded as a matter of law because Simon signed the application and WDI exclusion acknowledging that the policy would not include inspections coverage and the insurance policy expressly excluded inspections coverage. They argue that Simon could not have justifiably relied on any alleged representation that appellees would provide coverage for inspections based on the certificate of insurance filed with the state.

Appellees also contend that section 1951.312 of the occupations code does not create a cause of action against an insurer. *See id.* § 1951.312. They further argue that the certificate did

not misrepresent Sherlock Pest's coverage under the Tudor policy and that the certificate complied with the statute by certifying that the Tudor policy provided Sherlock Pest with statutorily required general liability coverage. And appellees contend that, because the Simon Parties cannot recover on their claims, Underwriters' claims also fail as a matter of law.

Appellees rely on *Howard v. Burlington Insurance Co.*, 347 S.W.3d 783, 789–94 (Tex. App.—Dallas 2011, no pet.). In *Howard*, this Court concluded that summary judgment was proper dismissing an insured's claims against an insurer and surplus lines agent, which included breach of the insurance code and DTPA, breach of contract, negligent misrepresentation, and fraud. *Id.* In response to the appellant's argument that the insurance policy at issue provided first-party coverage for his personal property and equipment, we concluded that it did not because the plain language of the insurance quote and binder would not have caused a reasonable person to believe that the insurance included first-party coverage, the application for insurance specifically declined first-party coverage, and the plain language of the policy indicated that the policy was a third-party liability policy and did not cover first-party claims. *Id.* at 789–92.

Appellees argue that this case presents stronger facts for summary judgment than *Howard* because, in *Howard*, the insured had not signed the application that expressly excluded the disputed coverage and, here, Simon signed the application and the "Absolute WDI Exclusion" acknowledging that he understood and agreed that the policy excluded inspections coverage, including inspections for wood destroying insects. Appellants argue that *Howard* does not apply because this case, unlike *Howard*, involved a local recording agent, rather than an independent insurance broker, because appellees actively market their policies with false promises, and because false certificates of insurance were not at issue in *Howard*.

**Analysis**

The summary judgment evidence established that, prior to Tudor's submission of the certificate of insurance for the renewal policy in 2008 and prior to the allegedly faulty home inspection by Sherlock Pest, Simon expressly acknowledged in the application for insurance and renewal application that the insurance for which he applied did not include coverage for liability arising from wood destroying insect inspections. *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 917, 923 (Tex. 2010) (concluding that summary judgment was proper on investors' claims against auditors and stating that "a person may not justifiably rely on a representation if 'there are "red flags" indicating such reliance is unwarranted'") (quoting *Lewis v. Bank of Am. NA*, 343 F.3d 540, 546 (5th Cir. 2003)); *Howard*, 347 S.W.3d at 798 (affirming summary judgment and concluding that a "claim for misrepresentation cannot stand when the party asserting the claim is legally charged with knowledge of the true facts").

In addition, the plain language of the two endorsements in both the original 2007 policy and the renewal 2008 policy—which was in effect at the time of the allegedly improper inspection—clearly excluded coverage for professional services and for inspection services. *See Howard*, 347 S.W.3d at 792 ("Texas law is clear that the policy's language controls and the insured has a duty to read and be familiar with the terms of his own insurance policy."). And although appellants claim they relied on the certificate of insurance, that certificate specifically stated that the certificate "neither affirmatively nor negatively amends, extends or alters the coverage afforded by the policies scheduled herein." The certificate also provided that it "is furnished for information only, confers no rights on the holder and is issued with the understanding that the rights and liabilities of the parties will be governed by the original policies as they may be lawfully amended from time to time." *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006) (per curiam) (noting that a certificate of insurance "warned that it conferred

–9–

no rights" and that "those who take such certificates at face value do so at their own risk"); *see also Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660, 670 (Tex. 2008) (stating "that an insurance certificate merely evinces the holder's status as an insured and does not create coverage").

Consequently, appellees' summary judgment evidence established that the terms of the documents that Simon d/b/a Sherlock Pest signed and that were in effect when Tudor issued the certificate of insurance and when Sherlock Pest performed the allegedly improper wood destroying insect inspection would not have caused a reasonable person to believe that the insurance that Tudor provided to Simon d/b/a Sherlock Pest included coverage for liability for wood destroying insect inspections. *See Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 388–89 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding that, where insurance policy stated requirement for submission of monthly claim forms, the trial court correctly held that, as a matter of law, insurance company "did not make a misrepresentation in its policy" concerning the monthly submission of claim forms); *Howard*, 347 S.W.3d at 789–90, 798 (concluding that the "plain language" of insurance quote and binder "would not have caused a reasonable person to believe" that the insurance included first-party coverage and that, unless the insurer or agent made some specific misrepresentation about the insurance, a policyholder's mistaken belief about the availability or scope of insurance coverage is not generally actionable under the insurance code or the DTPA); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692–93 (Tex. App.—San Antonio 1998, no pet.). And appellants did not raise a genuine issue of material fact in response to the motions for summary judgment by their argument that they reasonably relied on language in the insurance certificates. *See Via Net*, 211 S.W.3d at 314.

We conclude that the trial court did not err by granting summary judgment in favor of appellees because the express terms of Simon's application for insurance, the "Absolute WDI

Exclusion," and the insurance policy would not have caused a reasonable person to believe that Simon d/b/a Sherlock Pest was offered and provided with coverage for liability arising from inspections, including wood destroying insect inspections. *See Howard*, 347 S.W.3d at 789–92. By disproving this common element for the claims for DTPA and insurance code violations, common law fraud, and negligent misrepresentation, appellees were entitled to summary judgment in their favor as a matter of law. And because there was no contract of insurance requiring them to defend the claim against appellees, the claim for breach of contract was also defeated. *See id.* at 792.

Finally, because the Simon Parties cannot recover on their claims, Underwriters' claims also fail as a matter of law. *See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007) (stating that, in the case of contractual and equitable subrogation, "the insurer stands in the shoes of the insured, obtaining only those rights held by the insured against a third party, subject to any defenses held by the third party against the insured").

We resolve appellants' first issue against them.

### MOTIONS FOR CONTINUANCE AND TO COMPEL

In their second issue, appellants argue that the trial court erred in overruling their motions for continuance of the hearings on appellees' motions for summary judgment and in denying appellants' motion to compel discovery from Tudor. Appellants contend that they "were hamstrung in their ability to respond to Appellees' motions for summary judgment" without the "relevant discovery" they requested. Appellees argue, among other grounds, that appellants have waived this second issue on appeal because appellants have not cited legal authority or provided substantive argument concerning why it was improper for the trial court to deny the motions for continuance and motion to compel.

–11–

**Standard of Review**

We review a trial court's orders denying motions for continuance and a motion to compel for an abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Carbonara v. Tex. Stadium Corp.*, 244 S.W.3d 651, 658 (Tex. App.—Dallas 2008, no pet.). "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Two Thirty Nine*, 145 S.W.3d at 161.

**Analysis**

To support their position, appellants cite to rule of appellate procedure 33.1(a), which states the general rule for preservation of error on appeal. TEX. R. APP. P. 33.1(a). And although appellants contend that comments by the trial judge indicated the relevancy of the requested materials and argue that they were "hamstrung" in responding to the summary judgment motions without those materials, appellants do not provide substantive analysis explaining why denial of the motions for continuance and motion to compel was improper. *See Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 794 (Tex. App.—Dallas 2012, pet. denied) ("[A]n issue on appeal that is not supported by argument or citation to legal authority presents nothing for the court to review."); *In re J.P.*, 365 S.W.3d 833, 837 (Tex. App.—Dallas 2012, no pet.) ("Failure to cite applicable authority or provide substantive analysis waives an issue on appeal.").

And the brief does not address how the additional time and discovery would have allowed them to respond to the motions for summary judgment. *See Blake v. Lewis*, 886 S.W.2d 404, 409 (Tex. App.—Houston [1st Dist.] 1994, no writ) (holding proponent of motion for continuance should state items of discovery were material and show why they were material); *see also* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

We resolve appellants' second issue against them.

**CONCLUSION**

We resolve appellants' two issues against them and affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

120443F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLINT SIMON D/B/A SHERLOCK PEST
AND D/B/A SHERLOCK SPEC, AND
CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, Appellants

No. 05-12-00443-CV        V.

TUDOR INSURANCE COMPANY AND
NORMAN P. HINES III D/B/A HOOPER
& HINES INSURANCE, Appellees

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-13433.
Opinion delivered by Justice Lang-Miers,
Justices Bridges and FitzGerald
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees TUDOR INSURANCE COMPANY AND NORMAN P.
HINES III D/B/A HOOPER & HINES INSURANCE recover their costs of this appeal from
appellants CLINT SIMON D/B/A SHERLOCK PEST AND D/B/A SHERLOCK SPEC, AND
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON.

Judgment entered this 5th day of February, 2014.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

–14–