ACCEPTED
15-24-00128-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/16/2024 12:00 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00128-CV

# In the Fifteenth Court of Appeals

Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/16/2024 8:00:00 AM
CHRISTOPHER A. PRINE
Clerk

## HARBOR AMERICA CENTRAL, INC.

**APPELLANT**

v.

## WILLIAM REEVES

**APPELLEE**

On Appeal from the 55th District Court
Harris County, Texas
No. 2017-25574

## APPELLEE WILLIAM REEVES' NOTICE OF DISQUALIFICATION

Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Lionel Sims III
Texas Bar No. 24107465
lsims@txattorneys.com
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

David George
Texas Bar No. 00793212
THE GEORGE LAW FIRM PLLC
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 857-2280
dgeorge@georgeappeals.com

*Counsel for Appellee William Reeves*

Appellee William Reeves is providing notice that Chief Justice Brister is constitutionally disqualified from hearing this appeal because he served as an attorney for Appellant Harbor America Central, Inc. ("Harbor America") in this case while it was in the trial court.[1]

While he was an appellate lawyer at Hunton Andrews Kurth LLP, Chief Justice Brister was an attorney for Appellant Harbor America Central, Inc in this case. He appears on the signature block as Harbor America's attorney in its May 22, 2024 response to Appellant William Reeves' motion for entry of judgment and its May 23, 2024 response to a sanctions motion.[2] On August 16, 2024, he filed a motion in the trial court to withdraw as Harbor America's attorney, based on his

---

[1] TEX. CONST. art. 5, § 11. Texas Rule of Appellate Procedure 16.3 provides the procedures for recusing a justice from hearing an appeal. But—as the Notes and Comments to the Rule point out—"[t]he procedure for disqualification is not specified." If this Court deems this Notice of Disqualification insufficient to raise the issue, Appellant William Reeves will comply with its guidance.

[2] Harbor America's Response to Plaintiff's Motion for Entry of Judgment and First Amended Proposed Final Judgment (May 22, 2024), attached as Ex. A; Harbor America's Response to Plaintiff's Motion for Sanctions Under the Texas Citizens Participation Act (May 22, 2024), attached as Ex. B.

appointment to this Court.[3] On August 19, 2024, the trial court granted his motion to withdraw as Harbor America's attorney.[4]

"The grounds for disqualification of an appellate court justice or judge are determined by the Constitution and laws of Texas."[5] The Texas Constitution states that "[n]o judge shall sit in any case … when the judge shall have been counsel in the case."[6]

Therefore, because he was previously counsel for Harbor America in this case, Chief Justice Brister is constitutionally disqualified to serve as a justice in this appeal.

---

[3] Harbor America's Unopposed Motion to Withdraw and Substitute Additional Counsel for Defendant (Aug. 16, 2024), attached as Ex. C.

[4] Order Granting Unopposed Motion to Withdraw and Substitute Additional Counsel for Defendant (Aug. 19, 2024), attached as Ex. D.

[5] TEX. R. APP. P. 16.1.

[6] TEX. CONST. art. 5, § 11.

Respectfully submitted,

/s/ David George

Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Lionel Sims III
Texas Bar No. 24107465
lsims@txattorneys.com
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

David George
Texas Bar No. 00793212
THE GEORGE LAW FIRM PLLC
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 857-2280
dgeorge@georgeappeals.com

*Counsel for Appellee William Reeves*

## CERTIFICATE OF SERVICE

I certify that on December 15, 2024, I served a copy of the foregoing document upon the following counsel of record via electronic filing:

> Joshua S. Smith
> jsmith@beckredden.com
> Russell S. Post
> rpost@beckredden.com
> BECK REDDEN LLP
> 1221 McKinney, Suite 4500
> Houston, Texas 77010
>
> *Counsel for Appellant*
> *Harbor America Central, Inc.*
>
> */s/ David George*
> David George



Cause No. 2017-25574

| | | |
|---|---|---|
| WILLIAM REEVES, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| V. | § | 55TH JUDICIAL DISTRICT |
| | § | |
| HARBOR AMERICA CENTRAL INC. | § | |
| *Defendant*. | § | HARRIS COUNTY, TEXAS |

---

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND FIRST AMENDED PROPOSED FINAL JUDGMENT

---

Defendant Harbor America Central Inc. responds as follows to Plaintiff William Reeves's Motion for Entry of Judgment and First Amended Proposed Final Judgment. Harbor America reserves the right to file additional motions, objections, and other requests for relief in post-judgment motions permitted by the Texas Rules of Civil Procedure, including motions for judgment notwithstanding the verdict, to disregard jury answers, for new trial, and to modify the judgment.

1. The Court should deny Plaintiff's motion to award breach of contract damages in the amount of $26,000,000 insofar as any part of that award is based on the agreement referenced in Question 3, given that the jury made a negative finding in corresponding Question 4.

2. The Court should deny Plaintiff's motion to award breach of contract damages in the amount of $26,000,000 because that finding could have been based on "any agreement found in Question No. 1" (see Question 2), but Question 1 merely asked whether the parties had a meeting of the minds—a single element of an enforceable contract—rather than whether the parties had an agreement, the breach of which could support a damages award. *See WTG Processing, L.P. v. ConocoPhillips Co.*, 309 S.W.3d 635, 643 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("A meeting of the minds is merely a mutuality subpart of the offer and acceptance elements.").

3. The Court should deny Plaintiff's motion to award breach of contract damages in the

1

amount of $26,000,000 because jury charge Question 2 is worded disjunctively, and there is legally

insufficient evidence that Plaintiff sustained damages in the amount of $26,000,000 for Defendant's

failure to comply with only the November 1, 2007 Employment Agreement, with only the January

1, 2011 Addendum to Employment Agreement, or with only "any agreement found in Question 1."

*See Underwriters at Lloyds of London v. Harris*, 319 S.W.3d 863, 866 (Tex. App.—Eastland 2020,

no pet.) ("Texas courts have held that 'or' is disjunctive, that it signifies a separation between two

ideas, and that it usually requires alternatives to be treated separately.').

4. The evidence is legally insufficient to support the jury's findings to the following

questions:

a. Question 1 that the parties mutually intended that Defendant would continue to pay Plaintiff for the book of business he had on Defendant's books so long as it remained on Defendant's books.

b. Question 2 that Defendant failed to comply with the November 1, 2007 Employment Agreement, the January 1, 2011 Addendum to Employment Agreement, or any agreement found in Question 1.

c. Question 5 that Plaintiff sustained damages in the past of $8,000,000 and damages in the future of $18,000,000.

5. The Court should deny Plaintiff's motion to award trial and appellate attorneys' fees

in the combined amount of $3,910,000.00 because any award of appellate attorneys' fees must be

expressly conditioned upon unsuccessful appeals by Defendant. *See In re Ford Motor Co.*, 988

S.W.2d 714, 721 (Tex. 1998); *Ansell Healthcare Prods., Inc. v. United Med.*, 355 S.W.3d 736, 745

(Tex. App.—Houston [1st Dist.] 2011, pet. denied). Without conceding that an award of fees would

be proper, any such award should separate attorneys' fees for representation at trial from attorneys'

fees for representation on appeal and condition the appellate fees upon unsuccessful appeals by

Defendant.

6. The Court should deny Plaintiff's motion to award postjudgment interest in the

amount of $7,821.14 per day because that figure is calculated using an award of unconditional appellate attorneys' fees accruing from the date of the judgment. An award of conditional appellate attorneys' fees accrues postjudgment interest from the date the award is made final by *the appropriate appellate court's judgment*, not from the date the trial court *signs the judgment*. *Ventling v. Johnson*, 466 S.W.3d 143, 156 (Tex. 2015). Without conceding that an award of postjudgment interest would be proper, any such an award should be no greater than $7,696 per day.

7. For the reasons stated herein, the Court should deny Plaintiff's motion to award the total sum of $34,602,600.

**Prayer**

Defendant prays that the Court deny Plaintiff's Motion for Entry of Judgment for the foregoing reasons, and grant Defendant all other relief to which it is entitled.

Respectfully submitted,

By: /s/ Cory Barnwell
**BARNWELL LAW GROUP, P.C.**
Cory Barnwell
GA Bar No.: 466740, AZ Bar No.: 034721
Suwanee, Georgia 30024
Telephone: (678) 559-6214
Facsimile: (678) 559-0778
*cbarnwell@barnwelllawgroup.com*

**AMINI & CONANT**
Jared A. Greathouse
TX Bar No.: 24077284
1204 San Antonio St., Second Floor
Austin, Texas 78701
Telephone: (512) 222-6883
Facsimile: (678) 900-7967
jared@aminiconant.com

**Hunton Andrews Kurth LLP**
Scott A. Brister (SBN 00000024)
Cameron L. Davis (SBN 24045751)
500 W. 5th St., Suite 1350
Austin, Texas 78701
T (512) 320-9220

Unofficial Copy Office of Marilyn Burgess District Clerk

3

F (512) 542-5049
sbrister@huntonak.com
cdavis@huntonak.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing document was served upon all counsel of record herein in accordance with the Texas Rules of Civil Procedure.

/s/ Cory Barnwell
Cory Barnwell

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Yesenia Castorena on behalf of Jared Greathouse
Bar No. 24077284
yesenia@aminiconant.com
Envelope ID: 88033957
Filing Code Description: No Fee Documents
Filing Description: Defendant's Response To Plaintiff's Motion For Entry Of Judgment And First Amended Proposed Final Judgment
Status as of 5/22/2024 4:07 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cheryl Bayley | | Cbayley@txattorneys.com | 5/22/2024 3:57:38 PM | SENT |
| Jessica Salto | | jsalto@txattorneys.com | 5/22/2024 3:57:38 PM | SENT |
| Crystal Del Toro | | cdeltoro@txattorneys.com | 5/22/2024 3:57:38 PM | SENT |
| Charles A.Sturm | | csturm@sturmlegal.com | 5/22/2024 3:57:38 PM | SENT |
| Christopher Leavitt | | cleavitt@txattorneys.com | 5/22/2024 3:57:38 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 5/22/2024 3:57:38 PM | SENT |
| Buzbee Law Firm | | efiling@txattorneys.com | 5/22/2024 3:57:38 PM | SENT |
| Charles Sturm | | service@sturmlegal.com | 5/22/2024 3:57:38 PM | SENT |
| Lionel Sims | | Lsims@txattorneys.com | 5/22/2024 3:57:38 PM | SENT |
| Scott Brister | | sbrister@huntonak.com | 5/22/2024 3:57:38 PM | SENT |
| Colby Holler | | CHoller@txattorneys.com | 5/22/2024 3:57:38 PM | SENT |
| Ryan Kennedy | | RKennedy@txattorneys.com | 5/22/2024 3:57:38 PM | SENT |
| Jared Greathouse | | Service@aminiconant.com | 5/22/2024 3:57:38 PM | SENT |
| James RFrancis | | jfrancis@barnwelllawgroup.com | 5/22/2024 3:57:38 PM | ERROR |
| Patrick CoryBarnwell | | cbarnwell@barnwelllawgroup.com | 5/22/2024 3:57:38 PM | SENT |
| Jared AGreathouse | | jared@aminiconant.com | 5/22/2024 3:57:38 PM | SENT |
| Cameron Davis | | cdavis@huntonak.com | 5/22/2024 3:57:38 PM | SENT |

B

Cause No. 2017-25574

| | | |
|---|---|---|
| WILLIAM REEVES, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | 55TH JUDICIAL DISTRICT |
| | § | |
| HARBOR AMERICA CENTRAL INC. | § | HARRIS COUNTY, TEX |
| *Defendant.* | § | AS |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
## FOR SANCTIONS UNDER THE TEXAS CITIZENS PARTICIPATION ACT

The Court should deny Plaintiff's request for sanctions under the Texas Citizens Participation Act (TCPA), TEX. CIV. PRAC. & REM. CODE § 27.009(a)(2), for three reasons:

(1) Plaintiff's arguments and evidence do not directly speak to the lone statutory standard that governs an award of TCPA sanctions—deterrence;

(2) sanctions would nevertheless be improper under the standards that Plaintiffs do advocate; and

(3) Plaintiff's request for sanctions in the amount of three times incurred attorneys' fees—approaching a half million dollars—is far out of line with the overwhelming majority of TCPA sanctions awards throughout Texas.

**I.    The TCPA limits sanctions to an amount that deters, not an amount based on bad faith, frivolousness, or some other standard with no basis in Section 27.009's text.**

Under both the original and post-September 2019 amended versions of Section 27.009(a)(2), the Legislature conditioned an award of sanctions in an amount "sufficient *to deter* the party who brought the legal action from bringing similar actions described in this chapter."[1] Deterrence is the only standard upon which to base an award of TCPA sanctions, and courts cannot judicially amend Section 27.009(a)(2) to add any other standard. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015). But re-writing Section 27.009(a)(2) is exactly what Plaintiff wants the Court to do.

---

[1] *See* Act of May 18, 2011, 82nd Leg., R.S., ch. 341, § 27.009(a)(2), 2011 Tex. Gen. Laws 961, 963 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE § 27.009(a)(2)).

1

Plaintiff acknowledges that Section 27.009(a)(2) is aimed at deterrence, but he then jettisons that governing statutory standard and argues that he is entitled to substantial sanctions for Defendant's supposed "bad faith alone." Plaintiff's Jan. 5, 2022 Am. App. at 5. But Section 27.009(a)(2) says nothing about awarding sanctions for bad faith. If the Legislature had intended bad faith to be the standard, then it easily could have said so just like it did in Chapter 9 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 9.011 (providing that, when signing pleading, signatory certifies that pleading is not "groundless and brought *in bad faith*") (emphasis added)). The Legislature thus "deliberately and purposefully" chose to condition a TCPA sanctions award on deterrence, and also "deliberately and purposefully" chose to *omit* any other standard upon which to award sanctions, including bad faith. *Centerpoint Builders GP v. Trussway, Ltd.*, 496 S.W.3d 33, 36 (Tex. 2016). The Court should reject Plaintiff's implied invitation to transform Section 27.009(a)(2) into something other than what the Legislature plainly intended for it to be.

Plaintiff identifies a number of different standards that courts have used to gauge an award of TCPA sanctions, Plaintiff's Jan. 5, 2022 Am. App. at 3–4, but they don't align with Section 27.009(a)(2)'s deterrence requirement. For example, Plaintiff observes that one court has looked to factors that are relevant to a Civil Practice and Remedies Code Chapter 10 sanctions inquiry. Chapter 10 does mention deterrence, *see* TEX. CIV. PRAC. & REM. CODE § 10.004(a), but as its title confers, the underlying conduct sought to be deterred is filing "*frivolous* pleadings and motions." *See id.* § 10.001(1) ("improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation"). It makes sense then to consider factors like willfulness, culpability, and burdens on the court system. By contrast, TCPA sanctions aren't awarded to deter frivolous pleadings; they are awarded to deter the future filing of claims aimed at suppressing a person's constitutional rights to free speech and association. *See id*. § 27.002. That is a completely different

2

type of underlying conduct to which the Chapter 10 factors are not tailored to address. Attorneys' fees may be a slightly more relevant yardstick, but they too are an imperfect way to measure deterrence because parties with significant resources may be willing to press future claims notwithstanding the potential for paying the other side's fees.

Plaintiff's arguments and evidence do not align with, or otherwise support, the lone justification upon which TCPA sanctions may be awarded.

## II.     Defendant did not file its counterclaims in bad faith.

Even were the Court to take Plaintiff's suggestion and use bad faith as the standard for assessing sanctions, Defendant did not, as Plaintiff argues, file its counterclaims in bad faith, knowing that they were false.

Parties disagree about the facts all of the time. That's why we have litigation—to resolve disputed facts. But a mere disagreement over facts does not necessarily mean that one of the parties is lying, or filing claims in bad faith. *See Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (explaining that bad faith is "the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes"). Plaintiff's evidence, one side of the disputed facts, does not support a sanctions award anywhere approaching almost a half million dollars.

## III.    A substantial sanction award based on Plaintiff's incurred fees would be far out of line with other TCPA sanctions awards throughout Texas.

Turning to the amount of sanctions, Plaintiff's request for $425,011.47 based on incurred attorneys' fees would be far out of line with the vast majority of other TCPA sanctions awards.

To begin, Plaintiff asks this court to do something that other courts don't do: base sanctions not on the amount of attorneys' fees *awarded*, but on the amount of attorneys' fees *incurred*. In Plaintiff's January 1, 2022 motion for TCPA attorneys' fees and sanctions, he requested "an amount that is three times the amount of attorneys' fees *awarded*." Plaintiff's Jan. 5, 2022 Am. App. at 7

3

(emphasis added). But Plaintiff has now withdrawn that request for attorneys' fees, and seeks sanctions only, which means there will be *no* award of attorneys' fees. Plaintiff shrugs that off and contends that sanctions should nevertheless be awarded based on fees that he claims were "incurred, even though not awarded." Plaintiff's Proposed Order at 2. That's a problem. Incurred fees is the standard for awarding attorneys' fees, not sanctions. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(1).

But more importantly, Plaintiff identifies no case in which a court awarded sanctions using incurred attorneys' fees as a guidepost. Instead, as Plaintiff himself acknowledges, courts have granted TCPA sanctions "in an amount equal to the amount of fees *awarded*." Plaintiff's Jan. 5, 2022 Am. App. at 4 (emphasis added); *see, e.g.*, *Jetall Cos. v. Johanson*, 2020 WL 6435778, at \*6 (Houston [1st Dist.] Nov. 3, 2020, no pet.) (comparing sanctions award to attorneys' fees awarded). The distinction matters because, as the Court is well aware, the amount of attorneys' fees incurred in litigation is usually more than the amount of fees actually awarded. An almost half-million dollar sanction here, accompanying no award of attorneys' fees, would not satisfy Section 27.009(a)(2)'s deterrence requirement. Rather, it would be massive windfall for Plaintiff—and probably the first case in which a Texas court awarded no attorneys' fees but close to a half million dollars in TCPA sanctions.

Aside from Plaintiff's unique request for sanctions based on incurred fees, Plaintiff's request for sanctions equal to three times fees is far out of line with other TCPA sanctions. As the following cases show, TCPA sanctions awards are normally *less* than awarded attorneys' fees, and sometimes, but not often, equal to awarded attorneys' fees:

- *Mishkoff v. Garrett*, 2024 WL 770142, at \*2 (Tex. App.—San Antonio Feb. 26, 2024, pet. filed) ($10,000 sanctions; $17,875 attorneys' fees);

- *Cobb Dev. v. McCabe*, 2023 WL 4003513, at \*11 (Tex. App.—Austin June 15, 2023, pet. filed) ($60,000 sanctions; $150,000 attorneys' fees);

4

- *LMP Austin English Aire, LLC v. Lafayette English Apartments, LP*, 654 S.W.3d 265, 272 (Tex. App.—Austin 2022, no pet.) ($50,203 sanctions; $50,651 attorneys' fees);

- *Campone v. Kline*, 2022 WL 17835231, at *2 (Tex. App.—Austin Dec. 22, 2022, pet. denied) ($5,000 sanctions; $19,603.50 attorneys' fees);

- *Berry v. Bay, Ltd*, 643 S.W.3d 424, 431 (Tex. App.—Corpus Christi 2022, no pet.) ($2,000 sanctions; $17,000 attorneys' fees, and up to $17,500 for conditional appellate attorneys' fees);

- *Borgelt v. Austin Firefighters Assoc.*, 684 S.W.3d 819, 826 (Tex. App.—Austin 2022, pet. granted) ($75,000 sanctions; $115,250 attorneys' fees);

- *Serafine v. Blunt*, 2021 WL 5456660, at *2 (Tex. App.—Austin Nov. 19, 2021, pet. denied) ($5,000 sanctions; $25,000 attorneys' fees);

- *Johnson-Todd v. Morgan*, 2018 WL 6684562, at *2 (Tex. App.—Beaumont Dec. 20, 2018, pet. denied) ($25,000 sanctions; $40,000 attorneys' fees);

- *Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 704 (Tex. App.—Amarillo 2018, pet. denied) ($1,000 sanctions; $47,500 attorneys' fees);

- *Urquhart v. Calkins*, 2018 WL 3352919, at *2 (Tex. App.—Houston [1st Dist.] July 10, 2018, pet. denied) ($2,000 sanctions; $25,000 attorneys' fees).

Defendant has located just *two* cases where sanctions exceeded awarded fees by at least three times, and those awards were $50,000 and $75,000—amounts nowhere close to the almost half million dollar award requested here. *See Cardo Grp., LLC v. Kring*, 2022 WL 17817971, at *5–6 (Tex. App.—Dallas Dec. 20, 2022, no pet.) ($50,000 sanctions; $12,676 attorneys' fees); *Kinney v. BCG Attorney Search, Inc.*, 2014 WL 1432012, at *12 (Tex. App.—Austin Apr. 11, 2014, pet. denied) ($75,000 sanctions; $0 attorneys' fees). Plaintiff's request is out of touch with other awards, and so the Court should decline it.

**Prayer**

Defendant prays that the Court deny Plaintiff's Motion for TCPA Sanctions.

5

Respectfully submitted,


By:  /s/ Cory Barnwell
**BARNWELL LAW GROUP, P.C.**
Cory Barnwell
GA Bar No.: 466740, AZ Bar No.: 034721
Suwanee, Georgia 30024
Telephone: (678) 559-6214
Facsimile: (678) 559-0778
*cbarnwell@barnwelllawgroup.com*

**AMINI & CONANT**
Jared A. Greathouse
TX Bar No.: 24077284
1204 San Antonio St., Second Floor
Austin, Texas 78701
Telephone: (512) 222-6883
Facsimile: (678) 900-7967
*jared@aminiconant.com*

**HUNTON ANDREWS KURTH LLP**
Scott A. Brister (SBN 00000024)
Cameron L. Davis (SBN 24045751)
500 W. 5th St., Suite 1350
Austin, Texas 78701
T (512) 320-9220
F (512) 542-5049
sbrister@huntonak.com
cdavis@huntonak.com


**CERTIFICATE OF SERVICE**


I certify that a true and correct copy of the foregoing document was served upon all counsel of record herein in accordance with the Texas Rules of Civil Procedure.

/s/ Cory Barnwell
Cory Barnwell

Unofficial Copy Office of Marilyn Burgess Harris County District Clerk

6

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Yesenia Castorena on behalf of Jared Greathouse
Bar No. 24077284
yesenia@aminiconant.com
Envelope ID: 88092471
Filing Code Description: No Fee Documents
Filing Description: Defendant's Response to Plaintiff's Motion for TCPA Sanctions
Status as of 5/24/2024 8:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cheryl Bayley | | Cbayley@txattorneys.com | 5/23/2024 8:05:11 PM | SENT |
| Jessica Salto | | jsalto@txattorneys.com | 5/23/2024 8:05:11 PM | SENT |
| Crystal Del Toro | | cdeltoro@txattorneys.com | 5/23/2024 8:05:11 PM | SENT |
| Charles A.Sturm | | csturm@sturmlegal.com | 5/23/2024 8:05:11 PM | SENT |
| Christopher Leavitt | | cleavitt@txattorneys.com | 5/23/2024 8:05:11 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 5/23/2024 8:05:11 PM | SENT |
| Buzbee Law Firm | | efiling@txattorneys.com | 5/23/2024 8:05:11 PM | SENT |
| Charles Sturm | | service@sturmlegal.com | 5/23/2024 8:05:11 PM | SENT |
| Lionel Sims | | Lsims@txattorneys.com | 5/23/2024 8:05:11 PM | SENT |
| Scott Brister | | sbrister@huntonak.com | 5/23/2024 8:05:11 PM | SENT |
| Colby Holler | | CHoller@txattorneys.com | 5/23/2024 8:05:11 PM | SENT |
| Ryan Kennedy | | RKennedy@txattorneys.com | 5/23/2024 8:05:11 PM | SENT |
| James RFrancis | | jfrancis@barnwelllawgroup.com | 5/23/2024 8:05:11 PM | ERROR |
| Patrick CoryBarnwell | | cbarnwell@barnwelllawgroup.com | 5/23/2024 8:05:11 PM | SENT |
| Jared AGreathouse | | jared@aminiconant.com | 5/23/2024 8:05:11 PM | SENT |
| Jared Greathouse | | Service@aminiconant.com | 5/23/2024 8:05:11 PM | SENT |
| Cameron Davis | | cdavis@huntonak.com | 5/23/2024 8:05:11 PM | SENT |



CAUSE NO. 2017-25574

| | | |
|---|---|---|
| WILLIAM REEVES | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HARBOR AMERICA CENTRAL INC., | § | |
| *Defendant.* | § | 55th JUDICIAL DISTRICT |

## UNOPPOSED MOTION TO WITHDRAW
## AND SUBSTITUTE ADDITIONAL COUNSEL FOR DEFENDANT

Defendant, Harbor America Central Inc., ("Defendant") hereby file this Unopposed Motion to Withdraw and Substitute Additional Counsel for Defendant.

Defendant respectfully requests that its current co-counsel of record, Scott A. Brister and Cameron L. Davis of Hunton Andrews Kurth LLP, be allowed to withdraw as Defendant's counsel of record. Mr. Brister has been appointed to the bench, effective September 1, 2024. In substitution, Defendant designates the following counsel as additional counsel for Defendant:

David M. Gunn
State Bar No. 08621600
dgunn@beckredden.com
Joshua S. Smith
State Bar No. 24093173
jsmith@beckredden.com
Beck Redden LLP
1221 McKinney, Suite 4500
Houston, Texas77010
Telephone: (713) 951-3700

Cory Barnwell of Barnwell Law Group, P.C. will remain as lead counsel for Defendant. Defendant approves of this substitution. This substitution is not sought for delay only.

WHEREFORE, Defendant respectfully requests that the Court grant this Unopposed Motion to Withdraw and Substitute Additional Counsel for Defendant.

Respectfully submitted,

BARNWELL LAW GROUP, P.C.                    HUNTON ANDREWS KURTH LLP

Cory Barnwell                               By:     */s/ Scott A. Brister*
GA Bar No.: 466740                                  Scott A. Brister
AZ Bar No.: 034721                                  State Bar No. 00000024
Suwanee, Georgia 30024                              sbrister@huntonak.com
Telephone: (678) 559-6214                           Cameron L. Davis
cbarnwell@barnwelllawgroup.com                      State Bar No. 24045751
                                                    cdavis@huntonak.com
                                            500 W. 5th St., Suite 1350
AMINI & CONANT                              Austin, Texas 78701
                                            Telephone: (512) 320-9220
Jared A. Greathouse
TX Bar No.: 24077284
1204 San Antonio St., Second Floor          BECK REDDEN LLP
Austin, Texas 78701
Telephone: (512) 222-6883                   By:     */s/ David M. Gunn*
jared@aminiconant.com                               David M. Gunn
                                                    State Bar No. 08621600
                                                    dgunn@beckredden.com
                                                    Joshua S. Smith
                                                    State Bar No. 24093173
                                                    jsmith@beckredden.com
                                            1221 McKinney, Suite 4500
                                            Houston, Texas 77010-2010
                                            Telephone: 713-951-3700

                         Attorneys for Defendant

Unofficial Copy Office of Marilyn Burgess District Clerk

2

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Plaintiff, Lionel Sims, who confirmed that Plaintiff does not oppose this motion.

*/s/ Joshua S. Smith*
Joshua S. Smith

**CERTIFICATE OF SERVICE**

I certify that on August 16, 2024, a true and correct copy of the above and foregoing document was served on all counsel of record via the Electronic Service System.

*/s/ Joshua S. Smith*
Joshua S. Smith

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jesse Crochet on behalf of David Gunn
Bar No. 8621600
jcrochet@beckredden.com
Envelope ID: 91011072
Filing Code Description: Motion (No Fee)
Filing Description: Unopposed Motion to Withdraw and Substitute Additional Counsel for Defendant
Status as of 8/16/2024 3:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cheryl Bayley | | Cbayley@txattorneys.com | 8/16/2024 3:35:55 PM | SENT |
| Jessica Salto | | jsalto@txattorneys.com | 8/16/2024 3:35:55 PM | SENT |
| Crystal Del Toro | | cdeltoro@txattorneys.com | 8/16/2024 3:35:55 PM | SENT |
| Charles A.Sturm | | csturm@sturmlegal.com | 8/16/2024 3:35:55 PM | SENT |
| Christopher Leavitt | | cleavitt@txattorneys.com | 8/16/2024 3:35:55 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 8/16/2024 3:35:55 PM | SENT |
| Buzbee Law Firm | | efiling@txattorneys.com | 8/16/2024 3:35:55 PM | SENT |
| Charles Sturm | | service@sturmlegal.com | 8/16/2024 3:35:55 PM | SENT |
| Lionel Sims | | Lsims@txattorneys.com | 8/16/2024 3:35:55 PM | SENT |
| Scott Brister | | sbrister@huntonak.com | 8/16/2024 3:35:55 PM | SENT |
| David M.Gunn | | dgunn@beckredden.com | 8/16/2024 3:35:55 PM | SENT |
| Joshua S.Smith | | jsmith@beckredden.com | 8/16/2024 3:35:55 PM | SENT |
| Colby Holler | | CHoller@txattorneys.com | 8/16/2024 3:35:55 PM | SENT |
| Ryan Kennedy | | RKennedy@txattorneys.com | 8/16/2024 3:35:55 PM | SENT |
| James RFrancis | | jfrancis@barnwelllawgroup.com | 8/16/2024 3:35:55 PM | SENT |
| Patrick CoryBarnwell | | cbarnwell@barnwelllawgroup.com | 8/16/2024 3:35:55 PM | SENT |
| Jared AGreathouse | | jared@aminiconant.com | 8/16/2024 3:35:55 PM | SENT |
| Jared Greathouse | | Service@aminiconant.com | 8/16/2024 3:35:55 PM | SENT |
| Cameron Davis | | cdavis@huntonak.com | 8/16/2024 3:35:55 PM | SENT |



8/16/2024 3:35:55 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 91011072
By: GONZALEZ, PATRICIA
Filed: 8/16/2024 3:35:55 PM

Pgs-1

SBATX

CAUSE NO. 2017-25574

| | | |
|---|---|---|
| WILLIAM REEVES | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HARBOR AMERICA CENTRAL INC., | § | |
| *Defendant.* | § | 55th JUDICIAL DISTRICT |

## ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW AND SUBSTITUTE ADDITIONAL COUNSEL FOR DEFENDANT

Pending before the Court is Defendant's Motion Withdraw and Substitute Additional Counsel ("Motion"). Having considered the Motion, the Court is of the opinion that the Motion is with merit and should be granted.

It is, therefore, ORDERED, ADJUDGED and DECREED that the Motion is GRANTED.

IT IS FURTHER ORDERED THAT:

(1) Scott A. Brister and Cameron L. Davis of Hunton Andrews Kurth LLP be allowed to withdraw as counsel of record for Defendant; and

(2) David M. Gunn and Joshua S. Smith of Beck Redden LLP are added as additional counsel for Defendant.

(3) Cory Barnwell of Barnwell Law Group, P.C. will remain as lead counsel for Defendant.

SIGNED on this the _____ day of _____, 2024.

Signed:
8/19/2024 _____
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

William George on behalf of William George
Bar No. 793212
dgeorge@georgeappeals.com
Envelope ID: 95327842
Filing Code Description: Other Document
Filing Description: Other Document
Status as of 12/16/2024 7:13 AM CST

Associated Case Party: Harbor America Central, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell S.Post | | rpost@beckredden.com | 12/15/2024 4:15:18 PM | SENT |
| Joshua S.Smith | | jsmith@beckredden.com | 12/15/2024 4:15:18 PM | SENT |

Associated Case Party: William Reeves

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Pigg | 24088227 | rpigg@txattorneys.com | 12/15/2024 4:15:18 PM | SENT |
| Thomas Holler | 24126898 | choller@txattorneys.com | 12/15/2024 4:15:18 PM | SENT |
| William DavidGeorge | | dgeorge@georgeappeals.com | 12/15/2024 4:15:18 PM | SENT |
| Lionel Sims | 24107465 | lsims@txattorneys.com | 12/15/2024 4:15:18 PM | SENT |
| Anthony G.Buzbee | | tbuzbee@txattorneys.com | 12/15/2024 4:15:18 PM | SENT |
| Chris J.leavitt | | cleavitt@txattorneys.com | 12/15/2024 4:15:18 PM | SENT |
| Anthony Buzbee | 24001820 | ledelacruz@txattorneys.com | 12/15/2024 4:15:18 PM | ERROR |